No. 18,332.

COLORADO TRANSPORTATION COMPANY *v.* THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO AND CHECKER CAB COMPANY.
(347 P. [2d] 505)

Decided December 7, 1959.

204

Messrs. STOCKTON, LINVILLE & LEWIS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. ROBERT L. NAGEL, Assistant, for defendant in error Public Utilities Commission of Colorado.

Mr. JOHN F. MUELLER, for defendant in error Checker Cab Company.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as they appeared in the trial court.

On June 27, 1956, Checker Cab Company, herein referred to as Checker, filed with the Public Utilities Commission of the State of Colorado, herein referred to as PUC, its application seeking:

1. To obtain a certificate of public convenience and necessity under Article XXV of the constitution of the State of Colorado to engage in the business of transporting passengers for hire in sightseeing service within the limits of the City of Denver; and

2. To have removed from its PUC Certificate No. 78, whereby it is authorized to transport passengers outside of Denver in "9 automobiles of a capacity of not to exceed 7 passengers, with no service by bus * * *," all restrictions on the type or number of vehicles used.

All carriers who might be affected by the granting of the application were notified, hearing had in which the plaintiff in error, herein referred to as protestant, participated and filed with PUC its statement of position wherein it urged that any certificate issued to conduct sightseeing operations in Denver limit the equipment to be used as that specified in Certificate No. 78, and protested any change in the restrictions contained in said Certificate No. 78.

At the conclusion of the hearing, PUC made its findings, conclusions and order holding, among other things:

"That public convenience and necessity require the extension of operations under Certificate of Public Convenience and Necessity No. 78 to include the transportation of passengers in sightseeing service to, from, and between all points within the City and County of Denver, and with authority to use multipassenger buses as a motor vehicle common carrier of passengers in sightseeing service authorized under PUC No. 78, and this Order shall be taken, deemed, and held to be a certificate of public convenience and necessity therefor."

Protestant petitioned PUC for a rehearing and the same was denied, whereupon a complaint was filed in the district court of Denver, seeking review by certiorari, and on such review the order and decision of PUC was affirmed. Protestant is here by writ of error, seeking reversal.

Review of PUC decisions by the courts is re-

stricted to review on the record as made before the PUC and is further limited by CRS '53, 115-6-15:

" * * * The review shall not extend further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violates any right of the petitioner under the constitution of the United States or of the state of Colorado, and whether the order of the commission is just and reasonable and whether its conclusions are in accordance with the evidence."

█ The record conclusively shows that protestant by virtue of PUC certificates issued to its predecessors in title in 1927 and subsequent years was granted authority to furnish sightseeing transportation service by multipassenger glass or open top buses. With equal certainty, Checker has never had any such authority; in fact its Certificate No. 78, evidence of its authority, expressly provides that *it shall conduct no bus service,* and the record further shows that on May 31, 1955, PUC entered its order directing Checker to refrain and desist from using multipassenger buses in transporting sightseeing passengers, and held that Certificate No. 78 not only did not grant authority to use buses, but expressly prohibited the use thereof.

The record is devoid of any evidence to indicate that any additional bus service is needed, or that the bus service made available by protestant is inadequate to meet the needs of the public for that type of service — in fact counsel for Checker frankly admit that Checker made no effort to prove public convenience or necessity, but contends that in seeking to use buses instead of automobiles it is only modernizing its equipment and furthering its purpose of transporting sightseeing passengers in conformity with the demands of the public.

█ This is the same argument advanced, and by this court rejected, in *P.U.C. v. Donahue,* 138 Colo. 492, 335 P. (2d) 285 (decided subsequent to the PUC decision herein dated December 31, 1956, and subsequent to the

judgment of the trial court entered March 14, 1957). In that case we said:

"The right to amend does not authorize an amendment which provides for an entirely new service which the certificate to be amended expressly precludes. * * *."

That language is a complete answer to Checker's contentions and application.

█ Checker seeks authority to enter into direct competition with protestant in a field reserved to protestant, and barred to Checker, without contention or proof of public convenience or necessity. In granting such authority, PUC did not regularly pursue its authority and its order is unjust and contrary to the evidence, and its decision cannot be sustained.

Nothing herein stated shall be construed as precluding Checker from applying for and obtaining such certificate to operate in Denver, as the facts and law may warrant.

The judgment of the District Court is reversed and remanded to said court with directions to enter judgment directing the PUC to vacate its order changing or altering Certificate No. 78.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.