No. 20,027.

MARY JO MCKENNA, ADMINISTRATRIX, ET AL., *v.*
JOSEPH F. NIGRO, ET AL.
(372 P. [2d] 744)

Decided June 25, 1962.   Rehearing denied July 23, 1962.

Mr. JOHN D. SAVIERS, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN J. CONWAY, Assistant, for defendant in error Public Utilities Commission.

Messrs. TULL, HAYS and THOMPSON, for defendant in error Intrastate Line Haul.

Messrs. JONES, MEIKLEJOHN & KILROY, Mr. EDWARD T. LYONS, JR., for defendant in error Frederic A. Bethke.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFFS in error were plaintiffs in the trial court and will be referred to as such or by name. Defendant in error, Public Utilities Commission, will be referred to as the Commission.

Plaintiffs filed an application with the Commission seeking clarification of the scope of Certificate of Convenience and Necessity No. 692 of which they were the owners. Specifically, they sought to have the certificate construed so as to authorize them to operate as a common carrier of freight from Denver to Greeley. The Commission determined that the certificate in question did not include the right to transport from Denver to Greeley. From this decision plaintiffs brought certiorari to the district court. Upon review the trial court affirmed the order of the Commission and the plaintiffs are here by writ of error.

The original authority under which plaintiffs operate was granted to their predecessors in 1929. It provided for transportation from Denver to Windsor and Severance, but not to or from intermediate points. In 1935 a certificate was issued to plaintiffs' predecessors which permitted transportation of freight between Greeley, Bracewell, Farmers Spur, Windsor, Johnstown and Severance. Finally, in 1936, Certificate 692 was issued which provides, in addition to authority granted in prior certificates, as follows:

" . . . transportation of all commodities, (no express), from Denver to Timnath and Wellington via Windsor, (with no intermediate service between Denver and Greeley) only intermediate service between Windsor and Wellington; between Loveland, Greeley, Windsor, Timnath and Wellington; from Wellington, Timnath and Windsor to Greeley, Fort Collins, Loveland and Denver (no intermediate service between Denver and Greeley on U. S. Highway 85); and from Fort Collins to Windsor, Timnath, Wellington and Greeley, (without authority to transport freight from Fort Collins to Loveland or Denver or any intermediate points on U. S. Highway 285, and no authority to transport freight from Greeley to Denver) . . ."

Plaintiffs contend that the ruling of the Commission that the language of this certificate does not permit service from Denver to Greeley is erroneous. The action of the Commission with which we are here concerned is not a grant of authority nor a limitation upon an authority already granted. It is simply an interpretation or clarification by the Commission of the language contained in the certificates held by the plaintiffs. Great weight must be given to the interpretation which the Commission gives to its own language, and unless such interpretation is clearly erroneous, arbitrary or in excess of its jurisdiction, the courts may not interfere. *Malone Freight Lines, Inc., v. U. S.*, 107 F. Supp. 946, aff'd, 344 U.S. 925.

Certainly the Commission as the immediate authority issuing the certificate is in the best position to know what rights were intended to be granted thereunder. *Public Util. Comm'n. v. Weicker Transp. Co.*, 102 Colo. 211, 78 P. (2d) 633.

Does the record here reflect that the interpretation placed on the language of the certificates of authority by the Commission is clearly erroneous, arbitrary or in excess of its jurisdiction? The answer is in the negative. On the contrary, it appears clear that the language of the certificates clearly and unambiguously does not permit service from Denver to Greeley. A contrary interpretation by the Commission would have required reversal.

A careful reading of the certificates granted to the plaintiffs and their predecessors discloses no ambiguity whatever in the scope of the authority granted. The 1929 certificate permitted service from Denver to Windsor and Severance with no intermediate service at all. The 1935 certificate permitted the plaintiffs' predecessors to extend service from Greeley to Windsor and Severance and intermediate points. The 1936 authority, being Certificate No. 692, extended plaintiffs' operations to include certain other towns, but did not permit service from Greeley to Denver and from Denver to Greeley. The theme of the various proceedings describes an original program of service from Denver to and from certain named cities in the Greeley area, but not including Greeley. Variations on the theme, as evidenced by the several certificates, permit service from Greeley to and from the named cities with intermediate service to other towns, but they do not permit service from Denver to Greeley or Greeley to Denver. The claim that such service is authorized by the language of the certificates is an innovation of the plaintiffs. It finds no support in the language employed by the Commission in authoring the various certificates.

Plaintiffs contend that in any event the Commission

has had long standing knowledge that plaintiffs and their predecessors have continuously hauled freight from Denver to Greeley over a long period of time. The record contains testimony that some time after October 1955, plaintiffs began to carry freight between Denver and Greeley and that such operations have continued. In 1956 an inspector of the Commission questioned plaintiffs' right to do so, but no action was taken by the Commission. Plaintiffs then began an action in the district court to enjoin the Commission from interfering with their operation. That case was dismissed upon stipulation of the parties and no proceedings were ever instituted before the Commission challenging plaintiffs' operations between Denver and Greeley. By reason of this course of events plaintiffs contend that the Commission is powerless to now say that the authority granted does not include the right to carry freight from Denver to Greeley. We are not in accord with this contention.

The failure of the Commission to take action against one who exceeds the authority granted does not ripen into a grant of authority to carry on an illegal operation. *McKay v. P. U. C.,* 104 Colo. 402, 91 P. (2d) 965. Moreover, the unlawful usurpation of authority and demonstration of the success of such unlawful operation can form no basis for the grant of authority to continue such operation. *Donohue v. P. U. C.,* 145 Colo. 499, 359 P. (2d) 1024; *P. U. C. v. Verl Harvey, Inc.,* decided May 14, 1962, 371 P. (2d) 452.

Plaintiffs' final argument is that they have the right to tack or combine the several grants of authority; that since they have authority to haul from Denver to Windsor and from Windsor to Greeley, they are therefore afforded the right to transport from Denver to Greeley via Windsor, using Windsor as a common terminal or gateway.

C.R.S. '53, 115-9-4 (Cum. Supp.) provides that no one shall give service as a common carrier without first

having obtained from the Commission a certificate declaring the present or future public convenience and necessity requires or will require such service. In construing this section of the statute this Court has declared the policy of this state as therein expressed to be that of "regulated monopoly," and that a certificate can be granted only upon competent evidence showing a public need for the additional service.

To permit the amalgamation of separate grants into one integrated authority without showing that the resultant operation is required by the public convenience and necessity would do violence to the express provisions of the statute. Under similar statutes, state courts have consistently held that before two or more separate authorities may be integrated into one authority providing an entirely new service, there must be a showing that public convenience and necessity demand the new integrated service. *Russell v. Calhoun,* 51 Wyo. 448, 68 P. (2d) 591; *Pennsylvania R. Co. v. P. U. C.,* 116 Ohio St. 80, 155 N.E. 694; *Railroad Comm'n. v. Red Arrow Freight Lines,* 96 S.W. (2d) 735 (Tex. Civ. App.); *Enid Transfer & Storage Co. v. State,* 201 Okla. 274, 190 P. (2d) 150, and many others.

The language contained in the certificates of the plaintiffs confers no authority to transport freight from Denver to Greeley. Plaintiffs cannot so transport freight unless and until a new certificate is obtained authorizing such service as a result of a finding by the Commission of public convenience and necessity based upon competent evidence thereof, and upon a proper application.

The judgment is affirmed.

Mr. Chief Justice Day and Mr. Justice Frantz concur.