Mr. Justice Sutton
delivered the opinion of the Court.
The action here for review is from an order of the district court of Jefferson County dismissing Lane’s complaint which sought a declaratory judgment interpreting a Public Utilities Commission permit, and an injunction against the Commission interfering with Lane’s interpretation of his permit boundaries.
The parties appear here in the same order as in the trial court. Defendant in error Westway Motor Freight Company was permitted to intervene. We will refer to the parties as they appeared in the trial court, or by name.
Plaintiff is a motor carrier authorized by the Commission to carry express and freight between Denver and Arvada, including a radius of five miles from the city limits of Arvada and five miles on either side of Colorado Highway No. 72 between Denver and Arvada, and to certain other nearby points not material here.
• It appears that on May 3, 1960, plaintiff received a letter from the supervisor of the complaint department of the Commission which stated that the Commission had received a complaint that plaintiff was making deliveries to the Coors Plant located near Golden, Colorado. It was asserted in the letter that this was outside of plaintiff’s permitted territory and Lane was ordered to cease making such deliveries. This action followed.
We find it unnecessary to set forth in detail the procedural steps that next took place, it being sufficient to say that the trial court permitted the intervention as a defendant of Westway, an alleged competitor, and finally granted defendants’ motions to dismiss on the ground *337 that plaintiff had failed to exhaust his administrative remedies before seeking relief in the courts.
Plaintiff’s argument may be summarized in the following two points which he contends entitled him to the relief sought:
1. That there was a final order by the Public Utilities Commission; and
2. That under the applicable statute he was without a remedy to protect himself from the alleged order, because the Public Utilities Commission had not followed the correct statutory procedure in issuing its order.
 We find plaintiff’s grounds to be without merit. In both Utilities Com. v. Weicker, 102 Colo. 211, 78 P. (2d) 633 (1938), and McKay v. Utilities Com., 104 Colo. 402, 91 P. (2d) 965 (1939), it was held that the statements of an employee or subordinate do not constitute orders of the Commission. Orders of the Commission can only issue after appropriate steps have been taken. Here there was merely a letter warning the plaintiff that complaint had been made of operation in excess of his authority, and ordering discontinuance. If he desired to seek an interpretation of his authority he should have sought a hearing before the Commission. This he failed to do.
As was stated in Weicker, supra: “ * * * the commission is clothed with general powers to regulate and control carriers for hire within the state, * * * .”
This authority was affirmed again recently in McKenna v. Nigro, 150 Colo. 335, 372 P. (2d) 744 (1962). Under this rule only the Commission has the authority to interpret existing permits to determine what territory is included thereunder. If plaintiff considers the Commission’s interpretation of his authority under his certificate to be erroneous, he may apply to the courts to review the ruling.
No declaratory relief should be granted where *338 the purpose is to affect proceedings which may be taken before a public board which has full power to act in the matter. See 16 Am. Jur. 21, 25, Declaratory Judgments.
The judgment is affirmed.
Mr. Justice Moore not participating.