No. 21329.

WESTWAY MOTOR FREIGHT, INC., *v.* THE PUBLIC
UTILITIES COMMISION OF THE STATE OF COLORADO, ET AL.
(400 P.2d 444)

Decided March 29, 1965.

HAYS, THOMPSON & JOHNSTON, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Robert N. Trunk, Assistant, Robert P. Fullerton, Assistant, for defendant in error Public Utilities Commission of the State of Colorado.

Ernest Porter, Royce D. Sickler, for defendant in error Rio Grande Motor Way, Inc.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

By writ of error Westway Motor Freight, Inc., a corporation which will hereinafter be referred to as Westway, seeks reversal of a judgment entered by the trial court affirming an order of the Public Utilities Commission, hereinafter referred to as the Commission, that Westway cease and desist from transporting freight from the Western Slope of Colorado into the City and County of Denver.

Westway, with offices in Golden, Colorado, is the owner of a motor vehicle common carrier authority, identified as "P.U.C. No. 701," which grants the following operating rights:

"Transportation of freight and express, as follows:

1. Between Denver, Colorado, and Golden, Colorado, and all intermediate points.

2. From and to all points within a radius of fifteen miles of Golden, Colorado, including Golden, Colorado.

3. From and to all points within said radius, to and from all points in the State of Colorado; provided, however, that all such shipments shall originate or terminate west of the west boundary of the City and County of Denver, Colorado."

The Commission in 1963 caused to be served upon Westway an "order to show cause and notice of hearing," wherein it was stated, among other things, that

an investigation made by its staff disclosed that Westway "has in the past and presently is transporting freight from the Western Slope of Colorado to Denver, Colorado without proper authority to so do and in violation of the Public Utilities Law."

Upon hearing Westway appeared, with counsel, and attempted to "show cause" why it should not be the subject of a "cease and desist" order. In this regard Westway freely admitted that it was hauling freight from the Western Slope of Colorado into Denver, but argued that under its existing authority, as outlined above, it is permitted and does have the authority to haul freight from the Western Slope of Colorado into Denver.

With this contention the Commission did not agree and by its Decision No. 61450 found that Westway has in the past and presently is transporting freight from the Western Slope of Colorado to the City and County of Denver without proper authority to so do. Accordingly, the Commission then entered the following order:

"1. That Westway Motor Freight, Inc., should be, and it hereby is, ordered to cease and desist from transporting freight from the Western Slope of Colorado, to the City and County of Denver, without first obtaining authority from this Commission to perform such transportation service.

"2. That Westway Motor Freight, Inc., should be, and it hereby is, ordered to cease and desist from transporting freight to or from the City and County of Denver to or from any point in the State of Colorado, except its base area — said base area being the City of Golden and all points within a radius of 15 miles of the City of Golden, excepting therefrom such portion of said 15-mile radius as lies within the City and County of Denver."

Westway's application for rehearing was duly filed and denied by the Commission, whereupon Westway sought judicial review of the Commission's order, as

provided by C.R.S. '53, 115-6-15. The record as there-tofore made before the Commission was duly certified to the trial court for a review thereof. After hearing, the trial court approved and affirmed the aforementioned order of the Commission and entered judgment to that effect. By writ of error Westway now seeks reversal of that judgment.

In our view there is only one issue to be resolved, and that is whether the authority heretofore granted Westway permits it to haul freight from the Western Slope into Denver. Westway claims that it has such authority, whereas the Commission has ruled that it does not. Hence, the battleline is clearly drawn.

In disposing of this controversy we are primarily concerned with paragraph 3 of Westway's authority, as the same is set forth above, although in the broader sense we, of course, must consider the grant of authority in its entirety. Westway construes and interprets said paragraph 3 to mean that it may haul freight to or from that part of Denver which lies within fifteen miles of Golden, to or from any point in the state, so long as such point lies west of the west boundary of Denver. In other words, Westway contends that under its existing authority it may haul freight *from* that part of Denver which lies within fifteen miles of Golden *to* any point in the state, so long as the shipment terminates west of the west boundary of Denver. Conversely, it is Westway's further contention that freight may also be hauled by it *from* any point in the state, so long as such shipment originates west of the west boundary of Denver, into that part of Denver which lies within fifteen miles of Golden.

The Commission's position as embodied in its order is that paragraph 3 of Westway's authority means what it says, i.e. that Westway may transport freight to and from all points within a radius of fifteen miles of Golden to and from all points in the State of Colorado, so long as shipments *going out* of this base area origi-

nate west of the west boundary of Denver, and so long as shipments *coming into* said base area terminate west of the west boundary of Denver.

In our view the interpretation given the aforementioned paragraph 3 by the Commission is the correct and proper one and there being evidence to support its finding that Westway is operating in excess of that authority, the judgment of the trial court approving the order of the Commission must be affirmed.

At the outset we recognize the very basic and fundamental rule that the Commission having granted the authority in the first place, its interpretation of its own language should be given great weight and unless its interpretation of the authority granted is "clearly erroneous, arbitrary or in excess of its jurisdiction, the courts should not interfere." *McKenna v. Nigro*, 150 Colo. 335, 372 P.2d 744. In the instant matter the Commission's interpretation is *not* "clearly erroneous, arbitrary or in excess of its jurisdiction," but on the contrary gives effect to that which appears to us to be the plain intendment of paragraph 3 in Westway's authority.

To adopt the interpretation sought by Westway would give the aforementioned paragraph 3 a meaning obviously not intended by the Commission and one in which in our view would not be consonant with the language used by the Commission in its grant of authority. To illustrate, to adopt Westway's suggested interpretation would mean *no* shipment into the base area could originate *east* of the west boundary of Denver and, similarly, that *no* shipment out of the base area could terminate *east* of the west boundary of Denver. Such a strained interpretation would be patently at odds with that language in said paragraph 3 which states that shipments in and out of the base area may be "to and from all points in the State of Colorado."

The other matters to which Westway now assigns error have been examined but in each instance are found

to be wanting in substance. The determination as to the extent of the authority granted Westway by the Commission for all practical purposes resolves the entire controversy.

The judgment is therefore affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.