No. 21964.

B & M SERVICE, INC., JEFFERIES-EAVES, INC., JOHN BUNNING TRANSFER CO., INC., AND H. J. JEFFERIES TRUCK LINE, INC. *v.* THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO.

(429 P.2d 293)

Decided July 3, 1967.

Stockton, Linville, Lewis & Mitchell, for plaintiffs in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Robert Lee Kessler, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

This is a proceeding which involves the Public Utilities Commission's control of leased equipment by regulated private and common carriers who haul oil field drilling rigs and other heavy equipment known as "Mercer" commodities.

The question to be determined on this writ of error is whether the P.U.C. acted arbitrarily, unlawfully, unreasonably and capriciously in denying the applications of the plaintiffs in error when they sought a waiver of P.U.C. Rules 12(b) and 14(b), in view of the fact that the P.U.C. had previously granted at least one similar waiver (Walker case) on allegedly identical testimony as that presented in the instant case. It is further asserted, as a corrollary to the principal issue, that such a denial could not be made without the P.U.C. setting forth a change of circumstance or other justifiable reason for failing to follow its previous Walker decision, *i.e.*, that *Stare decisis* binds the Commission here.

P.U.C. Rules 12(b) and 14(b) set forth in some detail the prohibitions and restrictions on the leasing of the type of equipment involved herein. Much is made by plaintiffs in error of two prior rulings of the Commission where, under its apparent authority, it had several months prior to these applications waived these restrictions. Suffice it here to refer to only one of those decisions, viz.: the Application of B. F. Walker, Inc. (P.U.C. Decision No. 62695). We note in that case two of the present petitioners (B & M Service, Inc. and Jeffries-Eaves, Inc.) were among the intervenors who urged

the waiver. Having seen success there they now seek the same privilege by a "bootstrap" operation to graze in what were formerly forbidden pastures.

As stated above, essentially in this action, it is urged that:

(1) The P.U.C. denied these applications "for no apparent reason," and that,

(2) The Commission is bound to follow the Walker decision.

An examination of the record, which includes the P.U.C. file on the instant case as well as a copy of the Walker decision, clearly demonstrates no merit to the first claim, and a consideration of the applicable legal rules disproves the second claim as well.

Decision No. 63869, rendered by the P.U.C. in this case on October 16, 1964, consists of eight pages. These pages detail the history of the applications, mention the favorable recommendation of the hearing examiner, and then set forth at length why the applications were denied. Among these reasons were the following: That no evidence was furnished as to all the permits held by the applicants. Also that:

"* * * The use of such equipment (as sought to be leased here) had created grave regulatory problems. This was particularly true as to the leasing of owner-operator equipment on a percentage basis. Such leasing arrangements undermined proper rate regulations, increased the likelihood of violations of safety regulations, raised serious doubt as to the ability of a carrier utilizing such equipment to render proper service to the public, and in fact threatened the stability of the motor transportation system. * * *." (Part in parenthesis added.)

Suffice it to say in regard to the first issue that the Commission having once granted one or even several waivers of its Rules 12(b) and 14(b) was certainly not bound to continue to grant *waivers*, the approval of which is more a matter of grace than of right. In addition, it is apparent from this record that the Com-

mission had found that in this type of situation it did not work well when it granted previous waivers. Obviously, since it has a duty to protect the public interest as well as that of the carriers, it would have indeed been wrongful for it to have enlarged the problem by issuing still additional waivers. The fact that here the petitioners were not prepared to put on regular evidence to prove their case and were denied that "right" on a Motion for Rehearing is immaterial. Parenthetically it can be noted that there is nothing to stop the petitioners from again petitioning for the requested waivers and from presenting proper evidence as to why they believe such should be granted. The point here is that they cannot procure this privilege on the theory of precedent as a matter of right.

 Colorado is a regulated monopoly state in the field of public utilities. Though prior determinations by public administrative agencies have often been held to be entitled to great weight in some jurisdictions (somewhat similar to the judicial rule of *stare decisis*), it does not follow that where the public interest may be adversely affected (as was implied in the P.U.C. decision in this case) that such prior rulings have any weight at all. Cf., *National Labor Relations Board v. Worcester Woolen Mills Corp.*, 170 F.2d 13 (1st Cir. 1948); *Dadukian v. Zoning Board of Appeals of City of Bridgeport*, 135 Conn. 706, 68 A.2d 123 (1949). Of course cases might occur where to adopt different standards for similar situations would be held to be an arbitrary act, for generally consistency in administrative rulings is considered to be essential. *E.g.*, *National Labor Relations Board v. Mall Tool Co.*, 119 F.2d 700 (7th Cir. 1941). The latter principle, however, relied on by these petitioners has no application to this factual situation. In addition, we point out that the doctrines of *stare decisis*, as well as equitable estoppel, are generally held not to be applicable to the decisions of administrative tribunals even though they are entitled to great weight. *Kentucky Broadcasting*

*Corp. v. Federal Communications Commission,* 174 F.2d 38 (D.C. Cir. 1949) *(stare decisis);* *Niagara Mohawk Power Corp. v. Federal Power Commission,* 202 F.2d 190 (D.C. Cir. 1952) (equitable estoppel); 73 C.J.S., *Public Administrative Bodies and Procedures* § 148. See also 2 Davis, *Administrative Law* § 17.07 and II Sharfman, *The Interstate Commerce Commission* 367. Davis points out that "Like courts, agencies may overrule prior decisions or practices * * *" and gives us one example that a board might conclude that another license would be too many in a given situation. And, Sharfman states that in the I.C.C., for example,

" * * * The doctrines of *res judicata* and *stare decisis,* which exert an important influence upon the course of proceedings in the courts and upon the substantive character of judicial determinations, are not permitted to impose limitations upon the exercise of administrative discretion. * * * ."

He states that the need is for "flexibility of performance" which arises "from the very nature of the administrative method."

We believe that the language used in *Youngstown Sheet & Tube Co. v. United States,* 7 F. Supp. 33 (N.D. Ohio 1934), by a federal court speaking of this type of problem before a federal commission, is applicable here. There it was said in pertinent part:

" * * * 'In a case of this sort we are, of course, concerned only with the sufficiency of the evidence to support the fact finding of the Commission and the sufficiency of the facts found to support the conclusion of the order entered. While the Commission must act upon evidence and not arbitrarily, and must properly apply the law, *the courts are not concerned with "the soundness of the reasoning by which its conclusions are reached, or whether the findings are consistent with those made by it in other cases." * * * .'* The alleged inconsistencies of the Commission need give us no concern. It is well settled that the orders of the Commission, and its past fact findings, are

234

*not res adjudicata.* We are concerned only with its present findings and conclusions upon the current evidence." (Emphasis added.)

■■ We hold that the P.U.C. could change its position, as it did here, and that it is not bound by the doctrine of *stare decisis.* Further, we hold that the mere fact that the instant decision apparently is inconsistent with at least one prior waiver does not render it arbitrary, unlawful, unreasonable or capricious.

The judgment is affirmed.