Mr. Justice Kelley
delivered the opinion of the Court.
This case involves a question of the jurisdiction of the Public Utilities Cortímission (Commission) to hear two identical applications by Colorado Transportation Company “for clarification or extension” of its authority under Certificates Nos. 55 and 56. The applications were consolidated for hearing and have been treated as one *89 throughout all proceedings, both in the Commission and before the district court. We will refer to them in the singular.
The decision of the Commission (No. 52209) granted the application. On review, the district court affirmed the decision of the Commission. For reasons which follow, we too affirm.
The plaintiffs in error, Checker Cab Company and Denver-Colorado Springs-Pueblo Motorway, Inc. (referred to herein as Checker Cab), appeared and participated in the hearing before the Commission.
The jurisdictional question, which we must decide, was raised by Checker Cab at the outset of the hearing. The factual background which formed the basis for the issue appears in Colorado Transportation Company v. The Public Utilities Commission of the State of Colorado and Checker Cab Company, 141 Colo. 203, 347 P.2d 505 (which we will refer to as the Checker Cab case). We here set forth only those portions of the opinion which supply the facts relevant to a discussion of the jurisdictional issue:
“On June 27, 1956, Checker Cab Company * * * filed with the Public Utilities Commission * * * its application seeking:
“2. To have removed from its PUC Certificate No. 78, whereby it is authorized to transport passengers outside of Denver in ‘9 automobiles of a capacity of not to exceed 7 passengers, with no service by bus * * all restrictions on the type or number of vehicles used.”
Although the opinion is silent on the matter, we will assume for the purpose of this opinion that the area “outside of Denver” referred to is from Denver to Colorado Springs (and Pikes Peak) and return, which is the same area involved in the application under review in this appeal.
It is important to note that in the proceedings involving Certificate No. 78, that Colorado. Motorway, the *90 applicant here, was the protestant and responsible for the challenge to the correctness of the Commission’s decision granting the relief sought by Checker Cab Company, the protestant here. In other words, the positions of Checker Cab Company and Colorado Motorway are reversed in the two proceedings.
The jurisdictional issue, raised at the onset of the hearing before the Commission by Checker Cab’s motion to dismiss the application, is explained by Checker Cab in its brief in this manner:
* * checker Cab Company appeared and protested the Commission’s entertaining the application for Colorado Transportation Company on the ground that the matter was then presently before the courts and that the Commission had no jurisdiction to proceed in a matter which was being litigated at that time * * *.
“At the time Colorado Transportation Company made the application which is now under attack here, the Checker Cab case referred to supra was then under appeal before this court and the parties were awaiting this court’s decision to determine whether the test applied by the Commission was legal or whether it was illegal. Checker Cab Company did appear as a protestant in this proceeding and strongly urged the Commission to hold this application in abeyance until this Honorable Court had spoken since the issues were identical; namely, the right to convert a limousine authority to a multipassenger bus authority. The Commission overruled Checker Cab’s Motion and in overruling it proceeded to grant to Colorado Transportation Company the authority to use multipassenger buses between Denver and Colorado Springs.
[THE ISSUE]
“This brings about the issue to be determined by this Court because it is our contention that when a matter is on appeal before the courts having appellate jurisdiction, the Commission does not have jurisdiction to proceed in the same or other matters involving this issue *91 until the Court has spoken. This point we urged in our appearance before the Commission and we also urged it before the District Court.” (Emphasis added.)
In the instant case, the Commission, in its decision (No. 52209) found, “That public convenience and necessity require the extended motor vehicle common carrier sightseeing operations [by multipassenger buses] * * *” under the permits (Nos. 55 and 56) and entered its decision in harmony with that finding.
As noted above, the district court, without any specific findings or statements relating to the jurisdictional issue raised by Checker Cab, affirmed decision No. 52209. In our examination of the transcript of testimony offered by Colorado Transportation Company we found ample evidence to support the finding of the Commission in reference to public convenience and necessity.
It is thus clear that the actual contest was between the same parties and for the purposes of this opinion we will assume (without deciding) that there is an identity of parties. The geographical area with which both applications were concerned was identical. However, it is clear that the issues were not the same. In the first proceeding, Checker Cab sought the removal of all restrictions on the type of equipment it used on the ground that it was merely modernizing; whereas, in the second proceeding Colorado Transportation Company, on the basis of public convenience and necessity, sought authorization to change its equipment from limousines to buses. We do not deem it necessary to enumerate other factual dissimilarities which would only be cumulative on our point that there is no identity of issues.
In this court’s opinion, in the Checker Cab case, supra, Hall, J., observed:
“The record conclusively shows that protestant [Colorado Transportation Co.] by virtue of PUC certificates issued to its predecessors in title in 1927 and subsequent years was granted authority to furnish sightseeing trans- *92 portion service by multipassenger glass or open top buses. With equal certainty, Checker has never had any such authority; in fact its Certificate No. 78, evidence of its authority, expressly provides that it shall conduct no bus service, and the record further shows that on May 31, 1955, PUC entered its order directing Checker to refrain and desist from using multipassenger buses in transporting sightseeing passengers, and held that Certificate No. 78 not only did not grant authority to use buses, but expressly prohibited the use thereof.
“The record is devoid of any evidence to indicate that any additional bus service is needed, or that the bus service made available by protestant is inadequate to meet the needs of the public for that type of service — in fact counsel for Checker frankly admits that Checker made no effort to prove public convenience or necessity, but contends that in seeking to use buses instead of automobiles it is only modernizing its equipment and furthering its purpose of transporting sightseeing passengers in conformity with the demands of the public.” (Emphasis added.)
Under the foregoing circumstances, did the Commission lose its jurisdiction to hear and determine the second proceeding? Checker Cab partially answers this in that it claims that the second proceeding should be held “in abeyance until this Honorable Court had [has] spoken.” If the Commission has jurisdiction to hold the proceeding in suspended animation, as suggested, there is not a total lack of the right to entertain the proceeding.
The decision in the Checker Cab case, regardless of its fate in this court, could not have been res judicata as to relief sought in the application of Colorado Transportation Company. This being true, there was no reason why the Commission should have dismissed or abated the proceedings below. Red Arrow Freight Lines v. Railroad Commission, 161 S.W.2d 881 (Tex. Civ. App.).
We have reviewed the other authorities cited by Checker Cab. In all of them there was an issue pending *93 decision on review in a court, the resolution of which would directly affect the outcome of the proceeding before the administrative tribunal. Such is not the case here. Unless such a result obtains, there is no reason to dismiss or abate the proceedings in the second case.
In our view there is no question as to the jurisdiction of the Commission to hear and decide both applications. The judgment of the trial court is affirmed.
Mr. Justice McWilliams not participating.