No. 22724.

THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO, HENRY E. ZARLENGO, RALPH C. HORTON AND HOWARD S. BJELLAND, THE INDIVIDUAL MEMBERS OF SAID COMMISSION, AND PUBLIC SERVICE COMPANY OF COLORADO, A COLORADO CORPORATION *v.* GRAND VALLEY RURAL POWER LINES, INC., A COLORADO CORPORATION.

(447 P.2d 27)

Decided November 18, 1968.

258

LEE, BRYANS, KELLY & STANSFIELD, BRYANT O'DONNELL, RICHARD W. BRYANS, for plaintiff in error Public Service Company of Colorado.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,

Deputy, ROBERT LEE KESSLER, Assistant, for plaintiff in error The Public Utilities Commission of the State of Colorado.

GRANT, SHAFROTH, TOLL and MCHENDRIE, EUGENE H. MAST, ERL H. ELLIS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error is directed to a Mesa County district court judgment which reversed a Public Utilities Commission decision. We will refer to the plaintiffs in error as the Commission or Public Service and to the defendant in error as Grand Valley.

In 1965 Public Service received a request for electric service for a motel which was planned to be built on the outskirts of Grand Junction. It was anticipated that the motel would require approximately 196 kilowatts, and in reliance on this request Public Service constructed an extension from its nearest line approximately 1.25 miles in order to serve the construction needs of the motel. Shortly thereafter, Grand Valley filed a complaint with the Commission alleging that Public Service had unlawfully constructed the extension. Although the Commission originally found for Grand Valley and ordered Public Service to remove the extension line, motion for rehearing was granted by the Commission, which then reversed its decision and held that the extension had been lawfully constructed under a certificate granted to Public Service in its decision No. 27071. Grand Valley then appealed to the district court, which reversed the Commission's decision under review and ordered the prior decision of the Commission reinstated.

Resolution of this case revolves around the legal effect to be given the 1946 decision of the Commission, P.U.C. No. 27071. That decision resulted in a Certificate of

Public Convenience and Necessity being granted to Public Service in order to ratify and clarify its rights in the Grand Junction District. The pertinent language of the 1946 decision is as follows:

"* * * provided, however, that said (Respondent's) [Public Service] authorization to extend its lines and service is granted without prejudice to the right of Grand Valley (Petitioner) now serving certain rural districts in said area, to make available its electrical service without duplication of facilities or service by Respondent, to residents of said rural area living within that part of said Grand Junction District which lies in Mesa County, who are not now served by Respondent or Petitioner, except such individuals * * * whose separate *estimated* electric power requirements at any one time exceed one hundred kilowatts * * * and said individuals, etc. having a separate electrical power requirement at any one time in excess of 100 kilowatts are to be served by Respondent * * *."

It is clear that the certificate in relevant part provides that Public Service has the right to make extensions to its present lines except when it would conflict with the right of Grand Valley to serve certain designated rural areas within the District. The prohibition imposed on Public Service, however, did not apply to customers whose estimated needs exceeded 100 kilowatts. The Certificate specifically provides that those customers whose needs at any one time were "in excess of 100 kilowatts are to be served by Public Service Company, without duplication of facilities, or service by Grand Valley Rural Power Lines, Inc. * * *"

The Commission in its decision held that this Certificate granted Public Service the right to construct the extension in question and that Grand Valley's certificate specifically excluded service by it of power in excess of 100 kilowatts in the subject area.

Grand Valley attacks the Commission's decision on several grounds. It argues that the Commission

could not have intended the 1946 certificate to grant Public Service a *permanent* right to serve those customers with greater than a 100 kilowatt need, especially in light of the changed conditions since 1946. Grand Valley cites no authority, and we are not aware of any, that a portion of the order of the Commission becomes unlawful by the mere operation of time. It must be remembered that the proceeding before the Commission was not one to reopen the decision granting the 1946 certificate. Since rights granted under a certificate of authority are property rights, due process requires a full hearing if anything granted in the certificate is to be taken away. At such a hearing conceivably there might be grounds to modify the 1946 certificate. As to whether the 1946 certificate granted the authority to Public Service to function in the disputed area, we believe that the Commission is the proper authority to interpret its own certificate. *Westway Motor Freight, Inc. v. Public Utilities Commission,* 156 Colo. 508, 400 P.2d 444; *McKenna v. Nigro,* 150 Colo. 335, 372 P.2d 744; *Public Utilities Commission v. Weicker Transportation Co.* 102 Colo. 211, 78 P.2d 633. Unless its interpretation is clearly erroneous, we will not interfere. *McKenna v. Nigro, supra.* This same principle applies to Grand Valley's contention that the interpretation placed upon the 1946 certificate by the Commission would promote rather than prevent duplication.

Grand Valley also argues that, even if the 1946 certificate is valid and applicable, Public Service's right to serve the motel does not accrue until the construction is complete and the motel showed an actual need of more than 100 kilowatts of electricity. However, in this respect, it should be noted that the 1946 certificate precluded Grand Valley from serving customers whose *estimated* needs exceeded 100 kilowatts. Since an existing need may be accurately metered, the use of the term "estimated" implies that an anticipated need may serve as a proper basis for an extension. One contem-

plating construction also is entitled to know to what utility it can make its demand for service in advance of completion of construction.

■ Grand Valley finally argues that this court's decision in *Public Utilities Commission v. Home Light and Power Company*, 163 Colo. 72, 428 P.2d 928, prohibits the granting to Public Service of the right to serve any customer whose needs happen to exceed 100 kilowatts. That case held that once an area has been *certified* to one utility, another utility may not be given the right to enter the area unless the certified utility is unwilling or unable to serve a particular demand. We do not, however, deem the *Home Light* case to be applicable to the case at bar. The 1946 certificate did not certify an area to Grand Valley; it rather granted rights to Public Service without prejudice to Grand Valley's right to serve certain residents of the area. If *Home Light, supra,* were applicable and raises any questions on the rights granted by the 1946 certificate, C.R.S. 1963, 115-6-13 nevertheless precludes collateral attack on the certificate such as Grand Valley here attempts to make. See *Southeast Colorado Power Association v. Public Utilities Commission*, 163 Colo. 92, 428 P.2d 939.

The judgment is reversed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.