No. 23364.

B.D.C. CORPORATION OF COLORADO, A COLORADO CORPORATION *v.* THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO; TRANS-CONTINENTAL BUS SYSTEM, INC.; CONTINENTAL BUS SYSTEM, INC.,; DENVER-SALT LAKE PACIFIC STAGES; DENVER-COLORADO SPRINGS-PUEBLO MOTOR WAY, INC.; AMERICAN BUS LINES, INC.; PACKAGE DELIVERY SERVICE CO.; COLORADO MOTORWAY, INC.; DENVER-BOULDER BUS COMPANY; COLORADO TRANSPORTATION COMPANY; ARMORED MOTOR SERVICE; SPEEDY MESSENGER AND DELIVERY SERVICE; QUICK-WAY MESSENGER SERVICE AND CONTRACT CARRIERS CONFERENCE OF THE COLORADO MOTOR CARRIERS' ASSOCIATION.

(448 P.2d 615)

Decided December 16, 1968.

474

Jones, Meiklejohn, Kehl & Lyons, Leslie R. Kehl, David E. Driggers, for plaintiff in error.

Duke W. Dunbar, Attorney General, Robert Lee Kessler, Assistant, for defendant in error Public Utilities Commission of the State of Colorado.

Herbert M. Boyle, for defendant in error Armored Motor Service.

John J. Conway, for defendant in error Contract Carriers Conference of the Colorado Motor Carriers' Association.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE plaintiff in error will be referred to as B.D.C. The defendant in error, the Public Utilities Commission of the State of Colorado, will be referred to as the Commission. The intervening defendants in error will be referred to by name.

There was filed with the Commission by B.D.C. an application to transport on a state-wide basis as a common carrier (1) commercial papers, documents and microfilm used in the conduct and operation of banks and banking institutions and (2) papers and tapes used in the processing of data, printed reports and office records. Several commercial carriers and private carriers appeared before the Commission in opposition to the granting of the application. B.D.C. withdrew all objection to the appearances of the several intervenors with the sole exception of its objection to the intervention by Armored Motor Service, a private carrier, which was currently serving certain customers proposed to be served by B.D.C. The objection of B.D.C. was overruled and Armored Motor Service was permitted to intervene.

The Commission's decision denied B.D.C.'s application in its entirety, basically on the grounds that B.D.C. had not established a need for service on a state-wide basis, and that the proposed state-wide service would not be economically feasible. In compliance with the appropriate statutory provision, appeal was taken to the district court, which affirmed the Commission's decision. B.D.C. brings writ of error, urging several points for reversal, which we will discuss, combining some grounds and treating others separately.

I.

It is contended by B.D.C. that it was error for the Commission to permit the intervention of Armored

476

Motor Service, a private carrier. Coupled with this is the argument that absent the evidence presented by Armored Motor Service the record would be insufficient to support the findings and conclusions of the Commission.

The hearing was held before only one member of the Commission, and it was before him that B.D.C. strenuously resisted the appearance of Armored Motor Service and the presentation of testimony and exhibits by it. However, the full Commission in rendering its decision stated that it was predicating its findings without taking into consideration any matters offered by Armored Motor Service. Noting B.D.C.'s objections to Armored Motor Service participation, the Commission found as follows:

"Applicant contends the Commissioner taking the hearing erred in permitting Armored Motor Service, a private carrier, to participate in the hearing, and Applicant has correctly cited rulings of the Commission to substantiate its position. However, the Commissioner taking the hearing, under his interpretation of the Colorado Supreme Court decision in the recent *Western Colorado Power Company, et al. vs. The Public Utilities Commission,* felt it was error to foreclose their participation. The Commission neither affirms nor rejects that ruling of the Commissioner taking the hearing, for the reason that we definitely find that the proposed operation of Applicant for statewide common carrier service is not economically feasible and, therefore, not in the public interest. We, therefore, deem it unnecessary in this application to determine, under the present facts as disclosed by the record, whether or not private carriers have the right under Colorado law to intervene and protest the granting of a motor vehicle common carrier authority."

In our review of the record, in determining whether the decision is supported thereby, we have considered as stricken all of the evidence offered by

Armored Motor Service and have tested the Commission's ruling by whether the balance of the record supports its findings and decision. We find that it does and we further find that it was not prejudicial to B.D.C. to allow Armored Motor Service to intervene. It is so elemental that it is now no longer necessary to cite authority therefor that if there is competent evidence in the record on which the Commission's decision has been based, the reviewing court will not disturb the Commission's findings or substitute its own judgment for that of the Commission.

## II.

██ B.D.C. next argues that the determination by the Commission that the operation would not be economically feasible is not sufficient in law to justify the Commission's refusal to deny the application outright. It is contended that the custom followed by the Commission *requires* that it grant to an applicant a temporary certificate in order to determine whether a proposed operation is, in fact, economically unfeasible. Cited in support of this argument is decision No. 66630 of the Colorado Public Utilities Commission, dated January 18, 1966, in connection with the application of the North Glenn Suburban Company. The Commission has attempted to distinguish its previous actions in other cases on the facts, but we do not believe this is necessary. This court has held that as to its own prior decisions the Commission is not bound by any doctrine similar to that of *stare decisis. B & M Service, Inc. v. Public Utilities Commission,* 163 Colo. 228, 429 P.2d 293. The Commission is the regulatory body and as such is the one to determine whether it will or will not grant temporary certificates — something that was not asked for in this case.

## III.

Conceding for the purpose of argument that the Commission's decision was justified, B.D.C. argues that this does not preclude the issuance of a certificate for a

lesser area in which a need was established. In support of this contention, this court's decision in *Public Utilities Commission v. Donahue*, 138 Colo. 492, 335 P.2d 285, is cited. The *Donahue* case is limited to its facts and is not precedent as a general rule of law. However, B.D.C.'s contention is further predicated upon the following language of the Commission in its finding No. 8: "We do not say that if this application is granted, they [B.D.C.] could not render a desirable service to a few select customers, on carefully selected routes. We, however, are not satisfied that applicant can economically give a state-wide call and demand service * * *."

██ We view this gratuitous language by the Commission as a suggestion that a more limited certificate might be available to B.D.C. if applied for. We note that nowhere in this record did B.D.C. change its application or otherwise indicate to the Commission that it would be interested in anything less than what it asked for. The Commission has discretion to grant a non-requested certificate. *See* C.R.S. 1963, 115-9-5.

IV.

Another argument advanced is that the Commission in one of its findings indicated that B.D.C.'s operation would be that of a private carrier and that the Commission erroneously applied private carrier standards in arriving at its decision. Here again we find that the Commission made some gratuitous comments in Finding No. 7 to the effect that B.D.C.'s proposed operation resembled that of a private carrier. That observation, however, was immediately followed by the following specific findings:

"* * * We, however, are not satisfied that Applicant can economically give a Statewide call and demand service wherein the public would use the call and demand service under Applicant's proposed tariff. A careful examination of the record disclosed that Applicant not only proposes a general call and demand service, but also offers, to all practical purposes, a scheduled route opera-

tion. This is disclosed by an examination and evaluation of its proposed tariffs. We question very seriously the feasibility of this daily operation, not on call and demand but as it applies to their regularly scheduled operation as disclosed by Applicant's proposals. The Commission is of the opinion, and so finds, it is not in the public interest to grant this broad Statewide common carrier authority, where it appears from our interpretation of the exhibits pertaining to costs and revenue, it would reasonably result in increased costs due to the nature of this deluxe service. This would call for an increased cost on a Statewide basis, or in the alternative, Applicant would have to ask for abandonment of regular route service to a large area in the remote sections of the State."

From the foregoing there is little doubt that the Commission was aware it had before it a common carrier proceeding. We find that it applied the law as it pertains to common carrier applications.

We note that one of the defendants in error, Contract Carriers Conference of the Colorado Motor Carriers' Association, urges that we in this case render a decision as to whether an affected private carrier may intervene as a matter of right in a common carrier proceeding. The reviewing courts are limited to affirming or reversing decisions of the Commission on matters of law. Because the Commission made no ruling in this area, there is nothing in the record upon which this court may act.

The judgment is affirmed.