524 P.2d 309 (1974)
SANGRE De CRISTO ELECTRIC ASSOCIATION, INC., Plaintiff-Appellee,
v.
The PUBLIC UTILITIES COMMISSION of the State of Colorado, et al., Defendants,
Public Service Company of Colorado, Defendant-Appellant.
No. 26091.
Supreme Court of Colorado, En Banc.
July 15, 1974.
Rehearing Denied July 29, 1974.
Rush & Rush, Robert P. Rush, Salida, John P. Thompson, Denver, for plaintiff-appellee.
Lee, Bryans, Kelly & Stansfield, Donald D. Cawelti, Denver, for defendant-appellant.
PRINGLE, Chief Justice.
This case involves an appeal by defendant-appellant Public Service Company from a district court modification of a Public Utilities Commission order.
On April 21, 1971, plaintiff-appellee Sangre De Cristo Electric Association, Inc. applied to the PUC requesting that a portion of its non-exclusive territory in Lake and Chaffee counties be made exclusive. The PUC made certain exclusive territory assignments pursuant to this application, and those are not challenged here. Additionally, Sangre De Cristo requested an order "terminating the authority" of Public Service to serve "industrial loads" in Sangre De Cristo's exclusive territory. This authority is found in PUC Decision No. 50984 (1958) in which the Commission, after assigning exclusive territory to Sangre De Cristo, provided:
"* * * excepting therefrom, however the right of Public Service to serve `industrial loads' from its 115 KV transmission *310 line as it now exists or may be extended and which runs in a southerly direction from Leadville to Salida."
On July 13, 1972, in Decision No. 80798, at issue here, the PUC ordered that Public Service would continue to have the right to serve industrial loads from its 115 KV transmission line, and adopted the hearing examiner's definition of "industrial load;"
"Although the phrase has no absolute fixed value in terms of electrical units, it has a specific definable meaning. An `industrial load' in this case is a demand for electrical energy from a single commercial user sufficient in quantity to make it economically feasible for Public Service Company to serve the customer directly from its 115 KV transmission line under Public Service Company's extension policy and without contribution to the cost of construction from the customer or a requirement of a single customer that the delivery to the customer must be at voltages in excess of 15 KV."
In continuing the exception, and thus rejecting Sangre De Cristo's assertion in its application, the Commission found that public convenience and necessity would best be served by such action. Sangre De Cristo thereupon brought review proceedings in the district court seeking elimination of the exception.
The trial court determined that the definition of "industrial load" as promulgated by the Commission was vague, uncertain and would lead to continuous litigation. On this basis, it struck the exception in its entirety, and in effect awarded to Sangre De Cristo exactly what the Commission had refused to award to it.
Public Service Company appeals from this action of the district court, contending that the district court exceeded its authority in taking from Public Service and transferring to Sangre De Cristo the right to serve industrial loads which had been granted to Public Service pursuant to PUC Decision No. 50984 in 1958, noting that Sangre De Cristo accepted the term "industrial load" in 1958 and there had been no disagreement between Sangre De Cristo and Public Service up to this time as to the meaning of the term. We agree, and for the reasons stated below, we reverse the judgment of the district court and remand this case to the PUC for proceedings consistent with this opinion.

I.
At the outset, we note that the PUC determined upon evidence adduced at a hearing that continuation of Public Service's right to serve industrial loads was within the public convenience and necessity, and upon that basis denied the portion of Sangre De Cristo's application requesting termination of that authority. 1969 Perm. Supp., C.R.S. 1963, 115-6-5, the statute relating to review of orders and decisions of the PUC, provides for an appellate court to determine whether the PUC has regularly pursued its authority. Mountain States Telephone and Telegraph Co. v. PUC, Colo., 513 P.2d 721.
We have consistently adhered to the principle that where there is competent evidence to support the findings of the Commission, a reviewing court may not substitute its judgment for that of the Commission. North Eastern Motor Freight Inc., v. PUC, Colo., 498 P.2d 923; Aspen Airways, Inc. v. PUC, 169 Colo. 56, 453 P.2d 789; Eveready Freight Service, Inc. v. PUC, 167 Colo. 577, 449 P.2d 642; B. D. C. Corp. of Colo. v. PUC, 167 Colo. 472, 448 P.2d 615; Airport Limousine Service, Inc. v. Cabs, Inc., 167 Colo. 378, 447 P.2d 978.
Upon the record here, the continuation by the Commission of Public Service's right to serve industrial loads in the territory in question is amply supported by the evidence. See Public Service v. PUC, 174 Colo. 231, 483 P.2d 1337; Public Service v. PUC, 174 Colo. 470, 485 P.2d 123; PUC v. Grand Valley, 167 Colo. 257, 447 P.2d 27. The trial court had no authority to take away that right and grant it instead, to Sangre De Cristo under the guise *311 of modifying the order of the Commission. Rumney v. PUC, 172 Colo. 314, 472 P.2d 149.

II.
Having determined that the Commission was within its authority in continuing the right of Public Service to serve "industrial loads" in the territory, we must now face the question of whether the definition of "industrial loads" as promulgated by the Commission in this case is sufficiently clear and certain to set an adequate standard of measurement.
It is true that, generally, we defer to the Commission's interpretation of its own language, Westway Motor Freight, Inc. v. PUC, 156 Colo. 508, 400 P.2d 444; McKenna v. Nigro, 150 Colo. 335, 372 P.2d 744. However, the definition as promulgated here sets no standard which is readily measurable by any objective means. The exception puts into the hands of Public Service Company rather than the Commission the determination of which load it will service, because it permits Public Service Company to determine subjectively what loads are economically feasible for it from its 115 KV transmission line. This is in direct contrast to specific industrial load authorizations by the Commission and approved by us in Public Service v. PUC, supra; Public Service v. PUC, supra; PUC v. Grand Valley, supra. We must therefore remand the case to the PUC for such further proceedings as it deems necessary to enter an order defining "industrial load" in terms which are specific and easily ascertainable by the parties and the public to be served.
We are not unaware of counsel's contention that Red Ball Motor Freight, Inc. v. PUC, 154 Colo. 329, 390 P.2d 480, dictates a different result. We do not agree.
In Red Ball, we held that a grant of authority to a subsidiary of a railroad required certain restrictions which were not present in the certificate issued. We ordered the certificate as issued vacated, but pointed out that a new certificate might be issued in harmony with the views expressed there. Here the Commission granted no new authority as to industrial loads. It merely defined the term "industrial load." It is proper that that definition be stricken as we do here, and the matter returned for an adequate definition of the term in question.
The judgment of the district court striking the authority of Public Service to serve "industrial loads" in the territory is reversed and the matter remanded to the PUC for further proceedings with respect to promulgating an adequate definition of the term "industrial load" consonant with the views expressed here.