## No. 28510

**Rocky Mountain Natural Gas Company, Inc. v. The Public Utilities Commission of the State of Colorado; Edwin R. Lundborg, Edythe S. Miller and Sanders G. Arnold, as the Members thereof; and Western Slope Gas Company**

(617 P.2d 1175)

Decided March 31, 1980.    Opinion modified and as modified rehearing denied April 21, 1980.

Thompson and Kelley, John P. Thompson, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, Richard Hennessey, Deputy, Edward Donovan, Solicitor General, Deanna E. Hickman, Assistant Attorney General, for Public Utilities Commission, Edwin R. Lundborg, Edythe S. Miller and Sanders G. Arnold as the members thereof.

Kelly, Stansfield & O'Donnell, Donald D. Cawelti, for defendant-appellee, Western Slope Gas Company.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

This appeal involves a dispute between two natural gas suppliers over the ultimate right to supply service to an oil shale tract (Tract C-b) located in a remote area of western Colorado. Both suppliers have pipelines in the region. Rocky Mountain Natural Gas Company (Rocky Mountain) has an unrestricted transmission pipeline, and Western Slope Gas Company (Western) has a combined transmission and restricted service line. Rocky Mountain filed an application with the Public Utilities Commission (PUC) to serve Tract C-b, and Western filed an application to lift the restrictions placed on its certificate so that it could then pursue the right to serve the tract. After a joint hearing on the two requests, the PUC entered an order denying Rocky Mountain's application and granting Western's application. Judicial review of the PUC's order was sought in the district court, which entered a judgment affirming the PUC order. *See* section 40-6-115, C.R.S. 1973.

On appeal, Rocky Mountain argues that it had a pre-existing right to service Tract C-b and that the PUC exceeded its statutory authority and abused its discretion in lifting the restrictions on Western's certificate. We disagree with these assertions and affirm the district court's judgment.

The record indicates that in 1973, the PUC granted Rocky Mountain a certificate of public convenience and necessity to construct a pipeline for the sole purpose of transmitting gas produced in the Big Hole Field to customers in another part of the state. Although the pipeline passes in the general area of Tract C-b, it does not cross or enter the tract. In order to serve the tract, Rocky Mountain would have to construct a 5.2 mile extension from a point on its existing pipeline, and that extension would necessarily have to cross Western's pipeline.

Prior to the issuance of Rocky Mountain's certificate, Western constructed its pipeline near Tract C-b pursuant to a certificate issued by the PUC in 1968. This pipeline was constructed both to transmit gas through the region and to supply limited service to certain local industrial customers. This limited service authority was reflected by territorial and service restrictions in Western's certificate. These restrictions had to be lifted before Western could pursue the right to provide service to Tract C-b. In order to serve the tract, Western would have to construct a 4.4 mile pipeline

extension.

At the hearing before the PUC, both parties demonstrated that they were financially capable of providing the service to Tract C-b. In addition, one of the contractors working at the Tract C-b had solicited proposals for service from both companies and chose Western because its rates were lower than Rocky Mountain's.

## I. *Rocky Mountain's Pre-Existing Right*

Rocky Mountain asserts that its unrestricted certificate for a transmission line granted it the exclusive right to supply service to customers in the region of the pipeline. Generally, a certificate to service a region creates a right to service customers in that region unless it could be shown that the company is not ready and able to provide the services requested. *Public Service Co. v. PUC,* 174 Colo. 231, 483 P.2d 1337 (1971). This rule, however, does not apply where the original certificate does not encompass the proposed new service. *See PUC v. Grand Valley Rural Power Lines, Inc.,* 167 Colo. 257, 447 P.2d 27 (1968).

In our view, Rocky Mountain's certificate did not create a pre-existing right to service Tract C-b. The record indicates that Rocky Mountain understood at the time of its application for the original certificate that the certificate would be granted solely for the purpose of constructing a transmission line across the region and not for a service line within the region. An officer and member of the board of directors for Rocky Mountain testified before the PUC hearing examiner that transmission was the sole purpose and use of the pipeline. At no time prior to the present application to service Tract C-b did Rocky Mountain serve any customer in the region from its pipeline. Therefore, it had no basis whatsoever to serve Tract C-b as a matter of right but had to compete with any other potential supplier on an equal footing.

Rocky Mountain also argues that it had a right to provide the new service under the authority of section 40-5-101(1), C.R.S. 1973,[1] which allows a utility to expand its service into an area contiguous to its pipeline without a certificate if it is "necessary in the ordinary course of its business." Since the pipeline was not used for the purpose of serving customers in the area but solely for transmission, it cannot be said that service to Tract C-b was "necessary" as required by the statute. Accordingly, we also reject this argument.

## II. *Lifting The Restriction on Western*

Rocky Mountain argues that the PUC abused its discretion in lifting the restriction on Western's pipeline. Rocky Mountain asserts that this

---

[1] Section 40-5-101(1) provides in pertinent part:
Sections 40-5-101 to 40-5-104 shall not be construed to require any corporation to secure such certificate . . . for an extension into territory . . . contiguous to its . . . line . . . necessary in the ordinary course of its business.

creates a duplication of services, which is contrary to sound regulatory principles. We disagree. First, we would point out that Rocky Mountain's argument is based upon the assumption that it has a pre-existing right to provide service. We have already determined that no such right exists.

When there is no pre-existing right to serve an area, even if there is presently service to a contiguous area, the new area "could be certificated to whomever the P.U.C., exercising its expertise, determined was best able to serve the territory." *Western Colorado Power Co. v. PUC,* 163 Colo. 61, 428 P.2d 922 (1967). Judicial review of such determinations is limited to the issue of whether the PUC has acted within its authority and whether there is sufficient evidence in the record as a whole to support the PUC's decision. Section 40-6-115(3), C.R.S. 1973; *Parrish v. PUC,* 134 Colo. 192, 301 P.2d 343 (1956).

In this case, before the PUC could consider the appropriateness of allowing Western to service Tract C-b, it had to lift the prior restrictions that it had placed on Western's certificate.[2] Under section 40-6-112(1), C.R.S. 1973, the PUC may remove prior restrictions under its statutory authority to amend a certificate when it is in the interest of public convenience and necessity to do so. *See PUC v. Grand Valley Rural Power Lines, Inc., supra.*

Here, we find that there was sufficient evidence upon which the PUC could justify the lifting of the restrictions on Western's pipeline. First, Western had already begun arranging for the necessary interim permits to cross the intervening property. Second, it could provide the shortest pipeline extension, which would not have to cross any existing line. Third, Western had already established a good record of providing service in the region. Finally, the consumers favored service by Western. Each of these factors is proper in considering the public convenience and necessity for both certification and the amendment of an existing certificate. *See generally Colorado Transportation Company v. PUC, supra.* With such evidence favoring the removal of restrictions from Western's certificate of public convenience and necessity, we cannot conclude that the PUC either abused its discretion or exceeded its authority.

---

[2] Rocky Mountain argues that this lifting of restrictions by the PUC was not authorized by statute. In support of its position, it cites *PUC v. Donahue,* 138 Colo. 492, 335 P.2d 285 (1959) and *Colorado Transportation Company v. PUC,* 141 Colo. 203, 347 P.2d 505 (1959). In each of these cases, this court stated:
"The right to amend does not authorize an amendment which provides for an entirely new service which the certificate to be amended expressly excludes."
*Donahue, supra,* 335 P.2d at 290; *Colorado Transportation, supra,* 347 P.2d at 506. What Rocky Mountain fails to recognize is that in both of those cases, there was already a pre-existing certificate and service which the amendment to the other certificate invaded. In those situations, the rule is sound. But little good is accomplished by placing such a stringent restriction in situations such as here, where no pre-existing certificate or service is present.

Judgment affirmed.
JUSTICE GROVES does not participate.