## No. 20,274.

EPHRAIM FREIGHTWAYS, INC., *v.*
PUBLIC UTILITIES COMMISSION OF COLORADO, ET AL.
(380 P. [2d] 223)

Decided March 25, 1963. Rehearing denied April 15, 1963.

Messrs. AKOLT, TURNQUIST, SHEPHERD & DICK, Mr. G. M. Westa, Miss PAULINE NELSON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN J. CONWAY, Assistant, for defendants in error Public Utilities Commission and the Members Thereof.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

WE shall refer to plaintiff in error as Applicant and to the respective defendants in error as the Commission and as Motor Way.

Applicant, the owner of a permit issued by the Commission authorizing it to conduct business as a contract carrier, petitioned the Commission in 1954 for a conversion of its private carrier permit into a Certificate of Public Convenience and Necessity under which its operation would be expanded and conducted as a common carrier. In 1956 the Commission denied the authority for which the applicant petitioned, basing its action on the proposition that public convenience and necessity for the proposed conversion could not be shown by the testimony of witnesses who in the past or at the time of the petition were being served adequately by the applicant in its capacity as a contract carrier.

Judgment thereafter having been entered by the district court upholding the Commission's order denying the common carrier permit, the applicant obtained re-

view in this Court where it was held that evidence offered by witnesses presently satisfied with the private carrier service of the applicant has a probative value on the question of public convenience and necessity when such evidence tends to establish the nature, extent, volume and general character of the business conducted by the applicant who seeks conversion from private carrier to a common carrier status. Accordingly, the judgment of the district court was reversed and the cause remanded with directions to order further proceedings by the Commission in accordance with the views expressed. *Ephraim Freightways, Inc., v. Public Util. Comm'n,* 141 Colo. 330, 347 P. (2d) 960.

After the matter was remanded to the Commission, counsel for applicant and for Motor Way stipulated to a procedure allowing the Commission to review the previous record made without adducing new evidence.

The Commission, after a reconsideration and review of the record of the case, again denied the authority sought by the applicant. The district court having affirmed the Commission's order, applicant again seeks review by writ of error.

Generally, applicant is seeking a Certificate of Convenience and Necessity authorizing operations from and to Denver, Colorado Springs and Pueblo on the one hand, to and from Grand Junction on the other, serving all intermediate points on U. S. Highway 50 between Gunnison and Grand Junction and all intermediate points between Leadville and Grand Junction. Motor Way is the sole common carrier by motor vehicle presently serving all points involved in the instant application, although two private carriers and a second common carrier also operate within certain portions of the area with which the application is involved.

The applicant contends that the evidence which it introduced of the size and diversity of its present operations and of the satisfaction of its present customers,

when considered with the specific testimony which it produced from shippers in the area tending to show dissatisfaction with the existing common carrier service, established as a matter of law that public convenience and necessity required the granting of the common carrier authority for which it petitioned, and that the Commission in denying the authority completely ignored the import of applicant's present extensive operations as a private carrier. We do not, under the circumstances of this case, agree with these contentions.

The Commission determined that in order to receive common carrier authority it was necessary for the applicant to prove that there was a public need for additional common carrier service in the area involved, and correlatively that existing service by Motor Way in that area was inadequate to serve the need of the area. The Commission was correct.

 This Court has consistently held that the policy of the State of Colorado and the whole theory upon which the structure of Public Utility Commission power is based is that of regulated monopoly. *Archibald v. Public Util. Comm'n.* 115 Colo. 190, 171 P. (2d) 421; *Denver & R.G.W. R.R. v. Public Util. Comm'n.* 142 Colo. 400, 351 P. (2d) 278. In accordance with this theory of regulated monopoly, we have held that a common carrier serving a particular area is entitled to protection against competition so long as the offered service is adequate to satisfy the needs of the area, and no finding of public convenience and necessity for common carrier service is justified unless present service offered in the area is inadequate. *Denver & R.G.W. R.R. v. Public Util. Comm'n,* supra; *Public Util. Comm'n v. Donahue,* 138 Colo. 492, 335 P. (2d) 285.

 The question involved in the granting or denial of a Certificate of Public Convenience in a particular area is not whether the extent of business in a particular area is sufficient to warrant more than one certified

carrier, *Donahue v. Public Util. Comm'n,* 145 Colo. 499, 359 P. (2d) 1024, but rather whether public convenience and necessity demand the service of an additional transport facility. The existence of an adequate and satisfactory service by motor carriers already in the area is a negation of a public need and demand for added service by another carrier. *Denver & R.G.W. R.R. v. Public Util. Comm'n,* supra. While it may be more convenient for shippers if there be another service added to the area, this alone is not enough and there must also be a necessity for such service shown by the inadequacy of the existing service. *A.&T. Motor Freight, Inc., v. Public Util. Comm'n,* 125 Ohio St. 617, 184 N.E. 11; *Monson Dray Line, Inc., v. Murphy Motor Freight Lines, Inc.,* 259 Minn. 382, 107 N.W. (2d) 850.

The Commission determined upon the evidence adduced at the hearing that the public need was being adequately served by the existing common carrier service in the area and that the applicant had not proved public necessity requiring the granting of the common carrier authority sought, and upon that basis denied applicant's petition. The extent of our consideration is, therefore, limited to an examination of the testimony in the record and a determination therefrom as to whether there is competent evidence to support the Commission's findings.

The statutes of this state empower us to set aside or modify the orders of the Commission only if such orders are based on findings of fact in support of which there is no competent evidence. We may not set aside orders based upon findings of fact upon which the evidence is conflicting and we are not at liberty to substitute our judgment for that of the Commission. C.R.S. '53, 115-6-15; *Parrish v. Public Util. Comm'n.,* 134 Colo. 192, 301 P. (2d) 343; *Atchison, T. & S.F. Ry. v. Public Util. Comm'n.,* 68 Colo. 92, 188 Pac. 747.

To show that public convenience and necessity de-

manded the issuance of a common carrier certificate to it, applicant produced the testimony of over 150 shipper witnesses who regularly or periodically made use of applicant's transport services either exclusively or otherwise. Their testimony consisted primarily of statements of satisfaction with the applicant's service and statements by some that they felt there was a need for additional transport service in the area. Many of these witnesses also expressed dissatisfaction with the existing common carrier service in the area, the complaint in nearly all instances being directed at the service offered by Motor Way. These witnesses complained about delays, breakage, or spoilage, inconvenient schedules, lost shipments, etc. The applicant also introduced evidence showing the nature, extent, volume and general characteristics of the business conducted by it.

All of this evidence was certainly probative on the issue before the Commision, namely, "Was the present service so inadequate as to demand the issuance of another common carrier permit in the area?" First, it tended to raise an inference that the applicant's satisfied customers utilized its services because of the inadequacy of service by the existing common carrier; second, it raised the question as to whether the present common carrier could adequately serve the needs of the large number of shippers of various commodities using the applicant's service should they desire common carrier service or should the private carrier determine to suspend its operations; and third, it pointed out specific instances of alleged inadequacy from which the Commission might determine Motor Way was rendering inadequate service.

In accordance with our pronouncements in the earlier *Ephraim* case, the Commission correctly determined that the evidence submitted by the applicant did tend to prove public convenience and necessity and that it was incumbent upon protestants to rebut this evidence.

To meet the evidence presented by the applicant, Motor Way presented a great deal of testimony showing the large scope of its operations, its pick-up and delivery schedules, the speed and efficiency of its services, and the extensive facilities owned by or available to it in carrying out its functions as a common carrier. It presented evidence to show that it had the organization, equipment and personnel to handle all of the customers of the applicant should they wish to use common carrier service in this area. Numerous shipper witnesses whose businesses are located in the territory under consideration testified that Motor Way *was* rendering adequate and satisfactory service. By cross examination of applicant's witnesses and by testimony of other shippers and of its own personnel, Motor Way dealt specifically with each complaint of improper or inadequate service and attempted to prove each to be unfounded. It brought out that some of the witnesses who testified as to need for additional services did so only because they thought competition to be a good thing. The Commission was thus presented with conflicting evidence upon the question of adequacy of the present service and the need for additional service.

After analyzing the evidence, the Commission found that the present service rendered by Motor Way was adequate and satisfactory to meet the needs of the area to be served and that Motor Way stood ready, willing and able at all times to render service to anyone who might demand it, including all of applicant's customers. There was competent evidence to support such a finding in view of the extensive testimony presented by Motor Way.

In dealing with the specific complaints of service, the Commission found that many of them could not be linked to the service of Motor Way, but might have been the fault of interlining carriers or consignors of the complainants. The Commission found no more than the nor-

mal amount of dissatisfaction inevitably resulting from a common carrier operation which must so schedule its operations as to most effectively meet the needs of the public generally. The Commission concluded that the specific complaints, when considered as a whole, did not tend to show a general pattern of inadequate service. On the contrary, the Commission found that the evidence adduced showed that the service of Motor Way was in general most satisfactory, and there was credible competent evidence to support this finding.

Of course, not all the instances of inadequate service testified to by the applicant's witnesses were shown to be without foundation, and certain complaints in the record remained unanswered. But the test of inadequacy is not perfection, and when a common carrier renders services to numerous customers in a wide territory undoubtedly some dissatisfaction will arise and some legitimate complaints result; but for a new service to be authorized in an area already served by a common carrier, inadequacy of the present service must be shown to be substantial. See *Combs v. Johnson,* 331 S.W. (2d) 730 (Ky. 1959). Applicant's unrebutted evidence of some instances of unsatisfactory service does not constitute substantial evidence of inadequacy.

The 22 page order of the Commission clearly demonstrates that it considered and weighed all the evidence presented by both the applicant and Motor Way. The Commission regularly pursued its authority in reaching its decision that applicant had failed to prove the public need for additional common carrier service and that the existing common carrier services available in the area involved in the applicant's petition were adequate to meet the needs of the general public in the area. The decision is supported by abundant competent evidence.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE MC-WILLIAMS concur.