No. 23347.

EVEREADY FREIGHT SERVICE, INC. *v.* THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO, AND DENVER-CLIMAX TRUCK LINE, INC.

(449 P.2d 642)

Decided January 13, 1969.     Rehearing denied February 10, 1969.

578

JONES, MEIKLEJOHN, KEHL & LYONS, ALVIN J. MEIKLE-JOHN, T. PETER CRAVEN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, ROBERT LEE KESSLER, Assistant, for defendant in error The Public Utilities Commission of Colorado.

John P. Thompson, for defendant in error Denver-Climax Truck Line, Inc.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

The plaintiff in error, Eveready Freight Service, Inc., was the plaintiff in the district court and will be referred to as Eveready. Defendant in error Public Utilities Commission will be referred to as the Commission, and defendant in error Denver-Climax Truck Line, Inc., will be referred to as Denver-Climax.

This writ of error is to a district court judgment affirming the Commission's refusal to grant Eveready permission to haul sodium silicate for American Metals Climax from their mine at Climax, Colorado, to the company's operation at the Urad Mine site near Empire, Colorado.

Eveready is a common carrier with only authority for call and demand service insofar as what is involved here. As such it filed a tariff application with the Commission, stating a rate for the transportation of sodium silicate from Climax to the Urad Mine. This application was granted on July 10, 1967, to become effective July 26, 1967. However, on July 19th Denver-Climax, a common carrier operating from Climax to Denver with off-route to the Urad Mine, filed a protest with the Commission. After the hearing the Commission denied authority to Eveready on the grounds that Eveready's Certificate of Public Convenience and Necessity contained a restriction which prohibited the proposed operation. The district court affirmed the Commission decision. We reverse.

Eveready's Certificate of Public Convenience and Necessity provides in relevant part that Eveready may not "directly compete with *scheduled operations* of presently established line haul carriers" within the de-

fined area it is authorized to serve. The prohibition in Eveready's Certificate thus would apply only if at the time of the tariff application the carrier seeking to invoke its protection is both an established line haul carrier *and* is conducting *scheduled operations* to the Urad Mine.

■ The Commission finding that Denver-Climax is a "scheduled line haul common carrier" is not the same as a finding that Denver-Climax is conducting "scheduled operations" within the meaning of Eveready's Certificate. In attempting to equate the two as one and the same the Commission erred.

■ In so holding we are not unmindful that this court will not overturn the Commission's decision on a disputed factual question. *Southeast Colorado Power Association v. Public Utilities Commission,* 163 Colo. 92, 428 P.2d 939; *Public Utilities Commission v. Watson,* 138 Colo. 108, 330 P.2d 138; *Parrish v. Public Utilities Commission,* 134 Colo. 192, 301 P.2d 343. However, it is significant that the record is devoid of evidence of or a finding that Denver-Climax is in fact "conducting scheduled operations" to the Urad Mine site. That Denver-Climax is a "scheduled line haul common carrier" is not disputed. Denver-Climax does conduct scheduled operations from Climax to Denver and return trips. A review of the record, however, indicates that contrariwise Denver-Climax is not conducting *scheduled operations to the Urad Mine.* The pertinent evidence on this issue is the testimony elicited on cross-examination from a Mrs. Eshe, the general manager of Denver-Climax. We quote from the record:

"Q. Now, Mrs. Eshe, you don't purport to tell this Commission that you operate a schedule daily on schedule at a fixed time with a fixed departure from Climax and a fixed arrival time at Urad and a fixed departure from Urad directly to Climax, that you operate that daily?

A. No, sir, I don't purport.

Q. As a matter of fact, when you operate that truck from Climax to Urad is only if, as, and when there might be some freight?
A. Yes, sir.

\* \* \*

Q. In the same sense that you actually operate a schedule between Denver and Climax you do not conduct that type of operation between Climax and Urad?
A. No, sir. As Mr. Brown said, we only had to do it on request at that time because there was that little freight going from Climax to Urad.

\* \* \*

Q. Then to come back to the question that I asked you, as of now you do not consider that you are providing scheduled service?
A. No, sir.
Q. Between Climax and Urad?
A. We are not."

█ It seems clear to us that any definition of "scheduled operations" must entail the concept of service on a regular time schedule previously announced as to time of departure and arrival between definitely established points regardless of whether there are passengers or freight to be carried. *See Tidewater Express Lines, Inc. v. United States*, 278 F. Supp. 561; *Thompson v. Fidelity and Casualty Co.*, 16 Ill. App. 2d 159, 148 N.E.2d 9, *cert. denied*, 358 U.S. 837, 79 S. Ct. 62, 3 L. Ed. 2d 74; *McBride v. Prudential Insurance Co.*, 147 Ohio St. 461, 72 N.E. 2d 98. It is because a scheduled carrier must operate its equipment — whether fully loaded or not — that distinguishes it from the common carrier offering only call and demand service; and the risks and burdens entailed in such "scheduled operation" are what entitles the former carrier to protection. In the instant case, we hold that it is not enough to obtain the protection afforded by the Commission that the carrier arrive and depart at the times and only on days that services are required.

█ We conclude that Denver-Climax does not con-

582

duct "scheduled operations" to the Urad Mine site, and that the prohibition in Eveready's Certificate is not applicable in these circumstances.

The judgment is reversed and the cause remanded to the district court with directions that the Commission decision be set aside.

MR. JUSTICE MCWILLIAMS dissenting.

MR. JUSTICE HODGES not participating.