## No. 25222

## North Eastern Motor Freight, Inc. v.
## The Public Utilities Commission of the State of Colorado and
## J. B. Montgomery, Inc.
(498 P.2d 923)

Decided June 12, 1972.

Jones, Meiklejohn, Kehl & Lyons, Leslie R. Kehl, for petitioner-appellant.

Duke W. Dunbar, Attorney General, John E. Archibold, Assistant, Robert E. Commins, Assistant, Irvin M. Kent, Assistant, for the Public Utilities Commission.

John P. Thompson, for respondent-appellee J. B. Montgomery, Inc.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a judgment of the Denver District Court upholding a decision of the Public Utilities Commission. The parties herein will be designated as follows: North Eastern Motor Freight, Inc. will be referred to as North Eastern; J. B. Montgomery, Inc. as Montgomery; and The Public Utilities Commission as the Commission.

In the action before the Commission, Montgomery sought a Certificate of Public Convenience and 'Necessity to operate as a common carrier by motor vehicle for hire to transport general commodities with certain exceptions between Denver and Julesburg and intermediate points, all over designated highways. Notice was given to parties interested in or affected by Montgomery's application, and thereafter on July 27, 1970, October 5, 1970 and October 7, 1970, hearings were commenced in Denver and Sterling which lasted a total of ten days. Numerous witnesses, including experts, testified in the hearings, both in support of and in opposition to the application, and many exhibits were presented.

In Decision No. 76367, dated November 27, 1970, the Hearing Examiner made findings to the effect that the only carrier serving the route designated in Montgomery's application was North Eastern and that North Eastern's service was inadequate. He found that Montgomery was able to perform the service proposed and that sufficient revenue existed along the route to support competitive service. He recommended that public convenience and necessity required the service proposed by Montgomery. On January 15, 1971, in Decision No. 76666, the Commission adopted the examiner's decision, and denied North Eastern's exceptions thereto. North Eastern's petition for reconsideration was denied by the Commission in Decision No. 77093, dated March 9, 1971.

Pursuant to C.R.S. 1963, 115-6-15, North Eastern sought judicial review in the Denver District Court. The district

court affirmed the decision of the Commission whereupon North Eastern perfected this appeal.

North Eastern contends that: (1) The conclusions of the Commission are not adequately supported by evidence in the record and by basic findings of fact; (2) The decision of the Commission was improperly reached because one of three Commissioners dissented and one of the other two specially concurred in the decision on an illegal basis. North Eastern also complains that the district court did not accord to it full review under the statute. We do not agree with North Eastern's contentions, and we affirm the judgment.

I.

North Eastern first argues that the evidence adduced during the hearings before the Commission is not sufficient to support the Commission's decision. In examining this contention, we do so in the light of the rule in Colorado that findings and conclusions of the Commission based on questions of fact which are in dispute, when supported by competent evidence in the record, must not be disturbed by a reviewing court, and in such circumstances the reviewing court may not substitute its judgment for that of the Commission. *Aspen Airways, Inc. v. Public Utilities Comm.,* 169 Colo. 56, 453 P.2d 789; *Eveready Freight Service v. Public Utilities Comm.,* 167 Colo. 577, 449 P.2d 642; *B.D.C. Corp. of Colo. v. Public Utilities Comm.,* 167 Colo. 472, 448 P.2d 615; *Airport Limousine Service, Inc., v. Cabs, Inc.,* 167 Colo. 378, 447 P.2d 978.

This is a classic case for the application of the above stated rule. In considering this matter, we have reviewed the record from the Commission consisting of 1145 pages and the record from the district court consisting of 307 folios. We note that in hearings before the Commission a total of 45 witnesses appeared and 31 exhibits were introduced, not all of which were received. The witnesses for both sides of the controversy testified on a number of topics collateral to the controversy, such as carrier service generally in the area served by North Eastern, delivery, scheduling, financial aspects of carrier service from the standpoints both of the

carriers and of customers, and future prospects for carrier service in that area. Ever mindful of the requirement that we search the record for evidence favorable to the prevailing party below, *see Hipps v. Hennig,* 167 Colo. 538, 447 P.2d 700; *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906, our survey reveals that competent and substantial evidence runs throughout the record of the Commission to support its conclusions. Moreover, on nearly every point of contention conflicting evidence was presented during the hearing. Under these circumstances, the question of the credibility of the witnesses and the weight to be accorded to their testimony is peculiarly within the province of the Commission. *See Goldy v. Henry,* 166 Colo. 401, 443 P.2d 994.

II.

■ North Eastern further asserts the decision of the Commission has no validity because one of the Commissioners dissented and another specially concurred in the decision on an illegal basis, thus resulting, he claims, in a decision being reached by less than a majority. We do not agree.

This argument of North Eastern refers to the specially concurring opinion of Commissioner Zarlengo upon petition for reconsideration in Decision No. 77093. In that opinion the Commissioner voices certain views regarding his philosophy as to monopoly, competition and regulation, and renders an interpretation of Senate Bill 208, Colorado Sessions Laws 1967, chapter 433, section one, 1967 Perm. Supp. C.R.S. 1963, 115-9-5(2).

Prior to the specially concurring opinion upon reconsideration, Commissioner Zarlengo, together with Commissioner Bjelland, had signed an order in which the findings of fact of the Hearing Examiner and his conclusions were affirmed and adopted as those of the Commission. Since the petition for reconsideration was denied, for whatever reason, the original order signed by the two Commissioners remains intact. Whatever Commissioner Zarlengo's views may be as to the effect of the statute, they are only dicta in this case in view of the state of the record here and need not require our attention at this time. *See Vail Airways, Inc. v. Public*

▮▮▮ ▮▮▮

*Utilities Comm.,* 169 Colo. 500, 458 P.2d 74. We hold that the findings of the examiner that North Eastern's service was inadequate and that public convenience and necessity required the granting of the certificate was, under this record, the view of the majority of the Commission.

### III.

▮ The final contention urged by North Eastern is that the district court did not accord proper review to its case in that the court did not determine whether the Commission acted pursuant to its authority or whether such action was just and. reasonable. We find this argument lacking in merit.

The district court is charged by statute that "[u]pon hearing,. . . [it shall] enter judgment either affirming, setting aside, or modifying the order or decision of the commission." C.R.S. 1963, 115-6-15(2). This is a statutory proceeding and the trial court carried out the duty imposed upon it by statute. As we have said, if the record sustains the finding of the Commission and that the Commission did not act in excess of its authority, the findings of the trial court are immaterial. *McKay v. Public Utilities Comm.,* 104 Colo. 402, 91 P.2d 965.

The judgment of the district court is affirmed.