## No. 25951

Answerphone, Inc., a Colorado corporation, and Mobile Radio-Telephone Service, Inc., a Colorado corporation v. Public Utilities Commission of the State of Colorado; Howard S. Bjelland, Edwin R. Lundborg, and Henry R. Zarlengo, Commissioners; and Ram Broadcasting of Colorado, Inc., a Colorado corporation

(522 P.2d 1229)

Decided June 3, 1974.

Akolt, Dick, Rovira, DeMuth & Eiberger, Luis D. Rovira, Carl B. Hilliard, Jr., for petitioners-appellants.

John P. Moore, Attorney General, John E. Bush, Deputy, John E. Archibold, Assistant, Eugene C. Cavaliere, Assistant, James K. Tarpey, Assistant, for respondents-appellees, Public Utilities Commission of Colorado; Howard S. Bjelland, Edwin R. Lundborg, and Henry E. Zarlengo, Commissioners.

Stambler and Shrinsky, P.C. and William Andrew Wilson, for respondent-appellee RAM Broadcasting of Colorado, Inc.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The key issue on appeal is whether a certificate of public convenience and necessity was issued erroneously to RAM Broadcasting of Colorado, Inc. (RAM). The granting of the certificate by the Public Utilities Commission was reviewed by the district court. The district court upheld the commis-

sion, and an appeal has been prosecuted to this court. We affirm.

RAM obtained a certificate of public convenience and necessity to provide integrated mobile radio-telephone and paging service throughout the metropolitan Denver area. Answerphone, Inc., Mobile Radio-Telephone Service, Inc., and Colorado Mobile Telephone Company filed protests to RAM's application which resulted in the examiner denying RAM's request for authority. RAM excepted to the denial of authority, and the commission upheld RAM's exceptions and issued the certificate. The district court considered oral arguments and briefs and affirmed the commission.

The protests are predicated on the allegation that the protestants had been issued a certificate of public convenience and necessity from the commission which gave them a regulated monopoly and authorized them alone to provide mobile radio-telephone and paging service in the Denver area. The protestants also claimed that public convenience and necessity did not require the granting of RAM's request for authority. At the hearing, RAM presented evidence relating to:

(1) the public need for its proposed system;

(2) the inadequacy of the existing service offered by the protestants;

(3) the unwillingness or inability of the protestants to meet the public need for service in the area in which RAM was seeking authority;

(4) RAM's technological and financial ability to meet the public need that existed for the service proposed by RAM; and

(5) a comparison of the service offered by RAM and that offered by other carriers.

Answerphone and Mobile offered evidence relating to the mobile radio-telephone and paging service which they offered to the public and testimony relating to a proposed semi-automatic mobile telephone and an automatic paging service which they proposed to offer to the public in the near future. The commission reviewed the evidence and concluded that there was a public need for RAM's planned, fully automatic

service and that the present, as well as the proposed, service of the protestants was inadequate to satisfy the existing needs of the public. The commission also concluded that the protestants were unwilling or unable to satisfy the existing needs of the public and that RAM had the capacity and ability to satisfy the public need with their proposed service.

Nearly every factual issue in this case turned upon disputed and conflicting testimony. Where there is conflicting testimony and disputed issues of fact, this court does not substitute its judgment for that of the Public Utilities Commission. In *North Eastern Motor Freight, Inc. v. Public Utilities Commission,* 178 Colo. 433, 498 P.2d 923 (1972), we stated:

"[The protestant] . . . first argues that the evidence adduced during the hearings before the Commission is not sufficient to support the Commission's decision. In examining this contention, we do so in the light of the rule in Colorado that findings and conclusions of the Commission based on questions of fact which are in dispute, when supported by competent evidence in the record, must not be disturbed by a reviewing court, and in such circumstances the reviewing court may not substitute its judgment for that of the Commission. *Aspen Airways, Inc. vs. Public Utilities Commission,* 169 Colo. 56, 453 P.2d 789; *Eveready Freight Service vs. Public Utilities Commission,* 167 Colo. 577, 449 P.2d 642; *B.D.C. Corp. of Colo. vs. Public Utilities Commission,* 167 Colo. 472, 448 P.2d 615; *Airport Limousine Service, Inc. vs. Cabs, Inc.,* 167 Colo. 378, 447 P.2d 978."

We have reviewed the record of the proceedings before the commission and find competent evidence to support the commission's findings. Even though the evidence was in conflict, there was competent evidence to establish each of the factors which had to be established before RAM's application for a certificate of public convenience and necessity could be granted. *Public Utilities Commission v. Home Light and Power,* 163 Colo. 72, 428 P.2d 928 (1967); *Ephraim Freightways v. Public Utilities Commission,* 151 Colo. 596, 380 P.2d 228 (1963); *Denver & Rio Grande*

*Western R. R. v. Public Utilities Commission,* 142 Colo. 400, 351 P.2d 278 (1960).

Accordingly, we affirm.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.