## No. 26365

**Frances Kuboske, d/b/a San Juan Scenic Jeep Tours, and San Juan Scenic Jeep Tours, Inc. v. The Public Utilities Commission of the State of Colorado**

(528 P.2d 248)

Decided November 18, 1974.

Woodrow, Roushar & Weaver, Frank J. Woodrow, for petitioners-appellees.

John P. Moore, Attorney General, John E. Bush, Deputy, Eugene C. Cavaliere, Assistant, James K. Tarpey, Assistant, for respondent-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Prior to the Public Utilities Commission proceedings involved here, Kuboske, doing business as San Juan Scenic Jeep Tours, held a certificate of public convenience and necessity for the transportation of passengers between places and points within a 25-mile radius of Ouray, Colorado. He applied to extend that authority to embrace transportation of passengers between places and points within a radius of 30 miles of Ouray and within a radius of 30 miles of Silverton, Colorado, excepting the area located within a radius of 15 miles of Durango, Colorado. No protests were filed and the application was entirely uncontested. Kuboske was the only witness. He testified that he had several requests for service within the area for which authority was sought. The hearing examiner made the following conclusion:

"[T[here was no substantial evidence presented in this hearing to show the need for the proposed extension of service.

"While the Commission recognizes the difficulty in obtaining testimony from prospective customers for the service Applicant proposes to render, such supporting testimony can be obtained from persons who are aware that a need does exist. In the absence of any supporting testimony, the Examiner concludes that the present and future public convenience and necessity does not require, or will not in the future require, the granting of this amended application, and to so grant the requested authority would not be in the public interest."

By a two-to-one vote the Commission adopted the findings and conclusions of the hearing examiner, and approved the denial of the application.

The trial court found that " 'substantial evidence' does not depend upon the number of witnesses produced," and remanded the matter for the vacation of the Commission's order and for issuance of the requested authority. We affirm.

The majority of the Commission and the Commission's counsel here misapprehend the point involved. It is argued in effect that the district court has interfered with the Commission's discretion to deny an application and with the Commission's right not

to accept all testimony as true. Rather, here the only point is precisely as the district court found: "Substantial evidence" does not depend upon the number of witnesses produced. Assuming *arguendo* that the Commission is at liberty not to accept as correct the applicant's testimony, this is not the basis for its action. It held here that there must be more testimony than that of the applicant. Such a ruling is patently arbitrary and capricious.

Judgment affirmed.