## No. 26874

**Contact-Colorado Springs, Inc., a Colorado corporation v. Mobile Radio Telephone Service, Inc., a Colorado corporation**

(551 P.2d 203)

Decided June 21, 1976.                    Rehearing denied July 12, 1976.

Holland & Hart, Jeffrey C. Pond, for petitioner-appellee.

Hilliard, McGuire & Bauer, Carl B. Hilliard, Jr.; Dailey, Goodwin & O'Leary, P.C., John L. Dailey, for respondent-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

On March 3, 1973, appellant, Mobile Radio Telephone Service, Inc., applied to the Public Utilities Commission of the State of Colorado for a certificate of public convenience and necessity. Appellant sought to provide "wide-area" automatic mobile radio telephone and radio paging service in Colorado Springs and the adjacent front range, or Interstate-25 corridor. The application was opposed by appellee, Contact-Colorado Springs, Inc., a company providing local two-way mobile telephone and one-way paging service in Colorado Springs.

The certificate was ultimately granted after hearings before the examiner, and the commission affirmed. On appeal, the district court set aside the commission's order on the ground that it was not supported by substantial evidence. We reverse the district court and remand with

directions to affirm the order of the commission.

Appellant is a Colorado corporation and a ·subsidiary of Airsignal International, Inc. It now holds a certificate of public convenience and necessity authorizing it to offer one-way paging and two-way mobile radio telephone service in the Denver Metropolitan Area.[1] Appellant sought certification from the commission to extend this grant to authorize an automatic "wide-area" one-way paging and two-way mobile radio telephone system in the Metropolitan Colorado Springs Area. Appellant's ultimate intention was to establish a fully-automated integrated service corridor from Laramie, Wyoming, to Colorado Springs.[2]

Appellee, Contact-Colorado Springs, Inc., is also a Colorado corporation, presently holding a certificate of public convenience and necessity permitting it to provide one-way paging and two-way mobile radio telephone service within the Colorado Springs Metropolitan Area. By way of establishing a wider service area, its system is capable of interconnection with the landline telephone facilities of Mountain States Telephone and Telegraph. While the appellee has taken steps to automate its services, its system is presently manually operated and entails some delay in transmissions.

Appellee challenged the commission's approval of appellant's application on the ground that the commission authorized broader service than that sought in the application. Appellee further contended that the commission ruling was not based upon substantial evidence of either an unsatisfied public need for appellant's proposed wide-area service, or appellant's capability of providing such service.

The district court properly rejected appellee's first argument.[3] The district court, however, adopted the second, in part, finding a lack of substantial evidence to support the granting of the certificate, and thereby reversing the order of the commission. The issue before this court is whether the district court exceeded its limited scope of review in matters within the particular province and expertise of the Public Utilities Commission. .

---

[1]Paging and mobile radio telephone service provides essentially a system of private field communication among subscribers by means of mobile receiving equipment and assigned subscriber numbers and frequencies.

[2]Appellant's present certificates of public convenience and necessity embrace not only Denver, Adams, Arapahoe, Weld, Morgan and Elbert counties, but also parts of Boulder, Jefferson and Laramie counties. Appellant and a sister company intend to extend their services to Laramie, Cheyenne, Greeley and Fort Collins.

[3]The certificate of public convenience and necessity authorized service within the "reliable service contour" of the proposed facilities, as limited by Federal Communications Commission standards. The appellant sought certification to operate its paging service within the area defined by the reliable service contour of its mobile radio telephone service. The contour of the reliable service area for paging systems, however, is smaller than that for mobile radio telephone systems. The certificate, therefore, in fact, grants appellant less service territory than it had sought.

▇▇ The Public Utilities Commission is authorized to issue certificates of public convenience and necessity when material, competent, and sufficient evidence is presented to support the conclusion that the public convenience and necessity requires the proposed service. Section 40-5-101, C.R.S. 1973. Judicial review of action taken by the commission is narrowly confined to "determin[ing] whether the commission has regularly pursued its authority, including a determination of whether the decision . . . of the commissioners is just and reasonable and whether [their] conclusions are in accordance with the evidence." Section 40-6-115, C.R.S. 1973.

▇▇ An applicant seeking commission approval to render service to an area already served by another utility must demonstrate that the proposed system is within the interest of public convenience and necessity. This burden embraces a showing not only that the proposed services will not duplicate existing services, but also that existing service is substantially inadequate to meet the public need. *Emphraim Freightways, Inc. v. Public Utilities Commission*, 151 Colo. 596, 380 P.2d 228 (1963).[4]

▇▇ Clearly, public convenience and necessity may be established by any relevant evidence. *Emphraim Freightways, Inc. v. Public Utilities Commission, supra*. Questions relating to the credibility of witnesses and 'he weight to be accorded to their testimony are peculiarly within the province of the commission. *North Eastern Motor Freight, Inc. v. Public Utilities Commission*, 178 Colo. 433, 498 P.2d 923 (1972). The strength of the testimony and evidence is not impaired, moreover, merely because it is limited in quantity or is partially hearsay in character. *Kuboske v. Public Utilities Commission*, 187 Colo. 38, 528 P.2d 248 (1974).

▇▇ The law is well settled that the commission's findings on disputed issues of fact are final and are not subject to judicial review. *Answerphone v. Public Utilities Commission*, 185 Colo. 175, 522 P.2d 1229 (1974).

▇▇ Finally, the orders of the PUC are presumed to be reasonable. *C.B. & Q. R.R. Co. v. Public Utilities Commission*, 68 Colo. 475, 190 P. 539 (1920). When two equally reasonable courses of action are open to the commission, a reviewing court cannot substitute its judgment for that of the commission in selecting the appropriate alternative. *Answerphone v. Public Utilities Commission, supra*, and *North Eastern Motor*

---

[4]While, of course, Section 40-10-105(2), C.R.S. 1973, and its doctrine of regulated competition no longer requires a showing of inadequacy of existing services in *motor carrier* operations, the instant case is clearly without its ambit. *See generally, Miller Bros., Inc. v. Public Utilities Commission*, 185 Colo. 414, 525 P.2d 443 (1974). *See also Wells Fargo Armored Serv. Corp. v. Public Utilities Commission*, 190 Colo. 204, 545 P.2d 707 (1976); *Thacker Bros. Transp., Inc. v. Public Utilities Commission*, 189 Colo. 301, 543 P.2d 719 (1975); and *Red Ball Motor Freight, Inc. v. Public Utilities Commission*, 185 Colo. 438, 525 P.2d 439 (1974).

184

*Freight, Inc. v. Public Utilities Commission, supra.*

■  Appellant's application to the PUC was for a certificate of public convenience and necessity to provide a *wide-area* mobile radio telephone *and paging system.* There was substantial and competent testimony before the commission to establish both the public need for such a system and the appellee's inability to provide comparable service. The expert witnesses testified as to the technological and practical advantages of wide-area automatic services in comparison to the existing transient, or "roamer" system.[5] The examiner also received the testimony of several potential wide-area subscribers who expressed their various desires for single-receiver equipment, centralized billing, and uninterrupted broad-range Denver-to-Colorado Springs communication.

During the course of the commission hearings, however, counsel for the appellant stipulated that while appellant's application sought authority to offer wide-area mobile radio telephone service, it sought *local* certification only for paging services. Accordingly, the commission's certificate embraces the limitation that appellant is not authorized to provide service to any subscriber in Colorado Springs who has not also applied and obtained wide-area service in Denver. By virtue of this limitation, subscribers to appellant's services in Colorado Springs *cannot* obtain purely local mobile radio telephone or paging services, as provided by appellee. As such, the appellant's certificate is limited to *wide-area* service — the need for which was established by substantial and competent evidence.

The court below failed to take cognizance of this express limitation upon the commission's order and, accordingly, found duplication of appellee's local paging services. Appellant applied for authorization to provide

[5]The examiner summarized these advantages in Finding No. 3, as follows:
". . . . The service would enable the subscriber to obtain a dial tone and place a call throughout the system by merely removing his hand-set from the mobile telephone cradle and dialing just as he would with his present-day landline telephone. Each subscriber would be assigned a private number, which is automatically recognized by each terminal throughout the system. These terminals record the calling number and appropriate billing information. Thus, the subscriber who regularly travels and works throughout this area would have the use of his mobile telephone in all locations regardless of whether they are sparsely or densely populated.
. . . .
"Heretofore, the only way a mobile telephone subscriber could obtain or use a so-called 'wide-area' service would be as a 'roamer' or 'transient.' By this method, the subscriber who is away from his base station comes into another mobile telephone system as a roamer or transient and obtains service from the utility in the particular foreign area. In order to take advantage of the transient service, the subscriber must (1) have a unit equipped with the frequencies assigned to the utility in the foreign area, (2) have compatible equipment, and (3) pay the transient rate. Having met these requisities, the subscriber can notify the operator that he wishes to make a call, have the operator dial the number, and manually tie the call to the transient. Transient service, of course, is intended for the occasional call that a subscriber may wish to place out of his 'home base' area. However, when used on a regular and reoccurring basis, which is not unusual, such service has led to serious abuses resulting in the overloading of channels and extreme system congestion, all to the detriment of the full-time subscribers in that particular area."

wide-area mobile radio telephone and paging service. The commission found substantial evidence of a need for such service and properly issued a limited certificate of public convenience and necessity to appellant to provide it. The commission thus "regularly pursued its authority" and its conclusions were "in accordance with the evidence." The district court's reversal of the Public Utilities Commission was, therefore, improper, and the order of the commission should be affirmed.

Accordingly, we reverse and remand with directions to affirm the order of the commission.