**MELLOW YELLOW TAXI COMPANY,**
**Plaintiff-Appellant,**

v.

The **PUBLIC UTILITIES COMMISSION** of the State of Colorado and Edythe S. Miller, Daniel E. Muse and L. Duane Woodard, as the members thereof; Hy-Mountain Transportation, Inc.; Yellow Cab of Junction; Philip L. Sullivan, doing business as Cloud-9 Tours; Glenn C. Brand, doing business as Elk Mountain Tours; Airport Limousine, Inc.; Yellow Cab, Inc.; and Continental Bus Systems, Inc., Defendants-Appellees.

No. 80SA382.

Supreme Court of Colorado,
En Banc.

April 12, 1982.

John P. Thompson, Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Eugene C. Cavaliere, Asst. Atty. Gen., Denver, for the Public Utilities Commission and Edythe S. Miller, Daniel E. Muse and L. Duane Woodard, as members thereof.

John J. Conway, Denver, for Hy-Mountain Transp., Inc.

ROVIRA, Justice.

This is an appeal from a judgment of the Denver District Court affirming a decision of the Public Utilities Commission (PUC) granting Hy-Mountain Transportation, Inc. (Hy-Mountain), authority to operate a common-carrier taxi, limousine, and package delivery service in Aspen, Colorado. We affirm.

In 1979 Hy-Mountain filed an application with the PUC for a certificate of public convenience and necessity to operate as a common carrier by motor vehicle for hire in Aspen, Colorado, and its environs. Mellow Yellow Taxi Company (Mellow Yellow), which had been conducting a motor vehicle common-carrier operation in the Aspen area since 1975, filed a protest. Other protests were filed; but after the application was amended, these protests were withdrawn.

After an extensive hearing, in which 48 witnesses testified, both in support of and in opposition to the application, and 29 exhibits were received in evidence, the PUC Hearing Examiner recommended that the application be granted. The effect of his decision was to allow Hy-Mountain to operate a taxi, limousine, and package delivery service in competition with Mellow Yellow in what previously had been Mellow Yellow's exclusive service area.

The PUC adopted the recommended decision with only a minor modification. It denied Mellow Yellow's exceptions and petition for reconsideration. Subsequently, the district court affirmed the PUC decision.

On appeal, Mellow Yellow urges reversal on two grounds. First, it contends that the PUC's decision does not sufficiently disclose the basis on which it made its decision so that the parties and a reviewing court can determine whether the decision was based on the evidence and law of the case. Secondly, it urges that the legal test applicable in this proceeding is whether its service is inadequate, and the evidence on this issue fell "vastly short of meeting that test."

I.

The thrust of Mellow Yellow's first argument is that the PUC decision is couched in language which makes it impossible to determine what facts or factors the PUC considered determinative of the issues in the case, and therefore it has been denied a fair trial.

A review of the PUC's decision does not support Mellow Yellow's position. The decision contains fifty-four separate findings of fact and conclusions thereon which set out in great detail information concerning Hy-Mountain; the history of taxi and limousine service in the Aspen area; existing service provided by Mellow Yellow; charges; adequacy of service to, from, and within Snowmass Village; and service difficulties arising from "snow or blizzard" days. Citing *Ephraim Freightways, Inc. v. PUC*, 151 Colo. 596, 380 P.2d 228 (1963), the decision states in unequivocal language that the case must be resolved on the principle of regulated monopoly, and new service can be authorized in an area already served by a common carrier only if the presently offered service is shown to be substantially inadequate to satisfy the needs of the public.

As we noted in *Aspen Airways, Inc., v. PUC*, 169 Colo. 56, 453 P.2d 789 (1969), the findings of the PUC need not take any particular form. What is necessary is that the findings show which evidence is relied upon. The test which we must apply is whether the decision is in such form that a reviewing court can determine whether it is supported by the evidence, and whether the PUC has exceeded its jurisdiction or abused its discretion. Applying this test to the decision at hand, we do not agree with Mellow Yellow that it is impossible to as-

certain the legal and factual basis for the PUC's decision. *See Consolidated Freightways Corp. v. PUC*, 158 Colo. 239, 406 P.2d 83 (1965).

II.

Mellow Yellow contends that, although the PUC recognized the correct legal criterion applicable in this case, its decision should be reversed because there was insufficient evidence to support a finding of inadequate service. We agree that the PUC applied the correct legal standard, but disagree with Mellow Yellow's argument as to the sufficiency of the evidence.

The standard of review applicable when it is urged that there was insufficient evidence to support the PUC's decision was stated in *North E. Motor Freight, Inc. v. PUC*, 178 Colo. 433, 498 P.2d 923 (1972). There we said that "findings and conclusions of the Commission based on questions of fact which are in dispute, when supported by competent evidence in the record, must not be disturbed by a reviewing court, and in such circumstances the reviewing court may not substitute its judgment for that of the Commission." *Id.* at 436, 498 P.2d at 924. *See Answerphone, Inc. v. PUC*, 185 Colo. 175, 522 P.2d 1229 (1974). Further, where there is conflicting testimony, the credibility of witnesses and the weight to be given their testimony is within the province of the administrative agency. *See Goldy v. Henry*, 166 Colo. 401, 443 P.2d 994 (1968).

Applying those standards here, our review of the record discloses that there was disputed and conflicting testimony on almost every material issue in controversy. The record is replete with testimony about the needs of the community, and the ability or inability of Mellow Yellow to provide adequate service.

The findings and conclusions of the PUC that Mellow Yellow was providing substantially inadequate service and that Hy-Mountain could meet the public need are supported by the evidence. There is no basis for holding that the PUC's decision was erroneous or that it abused its discretion in determining that the public interest was best served by authorizing Hy-Mountain to provide taxi, limousine, and package delivery service in the Aspen area.

The judgment of the district court is affirmed.