The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF LA PLATA, State of Colorado, Plaintiff–Appellant,

v.

The BOARD OF ADJUSTMENT OF the CITY OF DURANGO, Colorado; the City Council of the City of Durango; the City of Durango, Colorado, a Municipal Corporation; Cliff Bilyeu, in his Official capacity as the Building Inspector for the City of Durango, Colorado; and David J. Kovacs, in his Official Capacity as the Director of the Department of Community Development for the City of Durango, Colorado, Defendants–Appellees,

and

Karen Anesi, Don Schlighting and Susan Davies, Intervenors–Defendants–Appellees.

No. 86CA1336.

Colorado Court of Appeals, Div. IV.

Sept. 15, 1988.

Steven J. Zwick, Durango, for plaintiff-appellant.

Smith & West, David P. Smith, Durango, for defendants-appellees.

NEY, Judge.

The Board of County Commissioners of La Plata County (County) appeals the district court's judgment declaring that the County's use of certain property it leased in Durango (City) was not immune or exempt from the City's zoning ordinance. It also appeals the court's judgment in the C.R.C.P. 106(a)(4) proceeding which determined that the Durango Board of Adjustment did not act arbitrarily or capriciously in denying an exemption from the zoning ordinance for the County's use of a building in the city. We affirm.

The County leased a house with a purchase option, which it used for various county offices. It is undisputed that the County's use of the building violated the City's zoning ordinance. The County sought an exemption from the City's Board of Adjustment, which was denied. The County also sought a declaratory judgment that its property was exempt from the City's zoning ordinance. The district court ruled in favor of the City on both issues.

## I.

■ In support of its contention that it is immune from the City's zoning ordinances and land use regulations, the County argues that, when read together, § 31–23–209 and § 31–23–301, C.R.S. (1986 Repl.Vol. 12B) indicate a legislative intent to exempt a county from municipal zoning. We disagree.

Initially, we note that § 31–23–209, which is applicable only to public buildings "to be constructed or authorized," is inapplicable here. Section 31–23–301, C.R.S. (1986 Repl.Vol. 12B) provides a procedure whereby the County, or any other party, may obtain an exemption from a zoning ordinance if:

> "satisfactory proof is presented to the board of adjustment that the present or proposed situation of such building or structure is reasonably necessary for the convenience or welfare of the public."

By this statute, the General Assembly has clearly indicated its intent to exclude certain situations from municipal zoning control; however, the statute does not include a blanket exemption for a county. When, as here, the language of a statute is plain and its meaning is clear, it must be applied as written. *Heagney v. Schneider*, 677 P.2d 446 (Colo.App.1984). Thus, we conclude that there is no legislative grant of exemption or immunity to a county from municipal zoning requirements.

The County also asserts that a finding of no exemption for a county would permit the municipality to thwart county functions through its zoning power. Whatever the merits of this argument, we perceive it as presenting a policy question to be resolved by the General Assembly, not the courts.

**1252**

Although there appears to be an inconsistent statutory treatment afforded to facilities not yet built as opposed to those in existence, nevertheless, § 31-23-301, C.R.S. (1986 Repl.Vol. 12B) does not, by its terms, grant blanket immunity or exemption for county activities. And, if we were to read such immunity into the statute, there would be no need for § 31-23-209, C.R.S. (1986 Repl.Vol. 12B). Accepted principles of statutory construction preclude us from rendering that statute superfluous. *See* § 2-4-201, C.R.S. (1980 Repl. Vol. 1B).

II.

The County also contends that the trial court erred in concluding that the City's Board of Adjustment did not abuse its discretion in denying the County's request for an exemption. We disagree.

The burden of proof is on the applicant seeking an exemption or variance from a zoning ordinance. *See Monte Vista Professional Building, Inc. v. Monte Vista*, 35 Colo.App. 235, 531 P.2d 400 (1975). When there is conflicting evidence, the credibility of witnesses and the weight to be given their testimony is within the province of the administrative agency. *Mellow Yellow Taxi Co. v. Public Utilities Commission*, 644 P.2d 18 (Colo.1982). To obtain relief under C.R.C.P. 106(a)(4), a plaintiff must prove that the inferior tribunal lacked jurisdiction or abused its discretion. *Clary v. County Court*, 651 P.2d 908 (Colo. App.1982).

Here, the Board of Adjustment found that the County had failed to show that its use was reasonably necessary for the public convenience or welfare pursuant to § 31-23-301(1), C.R.S. (1986 Repl.Vol. 12B). A showing that the proposed use of the building would simply be more convenient is not sufficient. *See Monte Vista Professional Bldg., Inc. v. Monte Vista*, *supra*. The standard is one of reasonable necessity. Hence, since there was sufficient evidence to support the Board's finding, we will not disturb either that finding or the trial court's determination. *See Mel-low Yellow Taxi Co. v. Public Utilities Commission, supra.*

JUDGMENT AFFIRMED.

BABCOCK and HUME, JJ., concur.