No. 25835
No. 25836

Red Ball Motor Freight, Inc. and Ephraim Freightways, Inc. v. The Public Utilities Commission of the State of Colorado and Thacker Bros. Transportation, Inc. and The Contract Carriers Conference v. The Public Utilities Commission of the State of Colorado and Frederick A. Bethke, d/b/a Bethke Truck Line, and Trans-Western Express, Ltd., as successor in interest to Denver-Laramie-Walden Truck Line, Inc., and Capron Truck Co.

(525 P.2d 439)

Decided July 29, 1974.          Rehearing denied September 3, 1974.

Jones, Meiklejohn, Kehl & Lyons, Edward T. Lyons, Jr., Kenneth R. Hoffman, for petitioner-appellants Red Ball Motor Freight, Inc. and Ephraim Freightways, Inc.

John P. Moore, Attorney General, John E. Bush, Deputy, Irvin M. Kent, Assistant, Eugene C. Cavaliere, Assistant, John E. Archibold, Special Assistant, for respondents-appellees.

440

John J. Conway, for amicus curiae The Contract Carriers' Conference.

Stockton and Lewis, John H. Lewis, Ernest Porter, for petitioner-appellee Thacker Bros. Transportation, Inc.

MR. JUSTICE GROVES delivered the opinion of the Court.

These two appeals arise from a single proceeding before the Public Utilities Commission. There resulted two actions for review in the district court, where they were consolidated, and the two appeals here have also been consolidated.

Thacker Bros. Transportation, Inc. (Thacker) held a contract carrier permit for areas from Denver south (southern routes) and from Denver north (northern routes). It applied for a certificate of public convenience and necessity to act as a common carrier over substantially the same territories. The other parties (except the Commission) are common carriers along these routes. They protested the application. They are referred to by abbreviated names.

After extended hearings the Commission granted the certificate of public convenience and necessity for the southern routes. It refused to grant the application for the northern routes and cancelled Thacker's contract permit as to the latter areas. Red Ball and Ephraim commenced an action in the district court to contest the granting of the certificate as to the southern routes, and Thacker separately brought action to review the revocation of the permit on the northern routes.

The district court affirmed the Commission's issuance of the certificate. It found that in the revocation of the contract carrier permits the Commission had not complied with 1971 Perm. Supp., C.R.S. 1963, 115-11-10 and, initially, it remanded the matter to the Commission to comply with that statute. Objection was made to this remand, and the court amended its judgment by reinstating the revoked permit.

The issues in these consolidated appeals have been disposed of to a large extent in the opinion in the consolidated cases of *Miller Bros., Inc. v. P.U.C.,* and *Trans-Western Express, Ltd. v. P.U.C.,* 185 Colo. 414, 525 P.2d 443, announced contemporaneously with this opinion and referred to as the Miller Bros. Opinion.

## I.

As was the case in the Miller Bros. Opinion, the Commission could not revoke the contract carrier permit without compliance with the notice and hearing provisions of 1971 Perm. Supp., C.R.S. 1963, 115-11-10. The protestants argue that this permits Thacker to conduct dual operations as both a common and contract carrier. We know of no reason why the same carrier cannot hold both types of permits so long as there is no overlapping of territory between the two. If the protestants believe that Thacker is operating as a common carrier under its contract carrier permit, they can proceed under the section of the statute last cited. As to the restoration of the contract carrier permit, the district court should be, and is, affirmed.

## II.

The same arguments were made here as in the Miller Bros. Opinion as to the effect of the amendment of S.B. 208, which is contained in 1967 Perm. Supp., C.R.S. 1963, 115-9-5. This is the statute that changed our former system of regulated monopoly to one of regulated competition concerning motor vehicle common carriers. We held that in the certification of an additional common carrier in an area, it no longer need be shown that existing service is inadequate.

The Commission prescribed appropriate guidelines here, and, as in the Miller Bros. Opinion, the issuance of the certificate of public convenience and necessity was not a mere "conversion" or "grandfathering." If the Commission had found, with evidence sufficient to support the finding, that the character of any unlawful acts on Thacker's part was such as not to prevent the issuance of the certificate, we would affirm the Commission and the district court in the issuance of that certificate.

That the Commission had proper guidelines in mind is disclosed by the following in its findings:

1. Thacker had sufficient ability to perform and was financially fit.

2. Under its contract authority Thacker was rendering same-day service between Denver, Pueblo and Colorado Springs. Same-day service was not being rendered by others. The public convenience and necessity requires same-day service.

3. "A common carrier must not only meet its basic and minimum obligation to satisfy the demands of the public after the demand is made, it should and must, to the extent feasible, make its service available in a convenient manner, anticipate the public needs, and take care of the commerce that must necessarily flow in and out of any community."

4. Thacker was rendering a much better service than the common carriers.

### III.

■ The Commission found that under its contract carrier permit involving the southern routes, Thacker "is, in fact if not in law, presently providing the equivalent of a common carrier vehicle freight transportation system." The Commission, however, stated, "[n]o finding is made in the instant application as to the lawfulness of the present operation of Thacker Bros. under [the contract permit]." The protestants had urged strongly upon the Commission that it could not or should not issue a certificate of public convenience and necessity because such a certificate would be predicated upon Thacker's unlawful acts under its contract carrier permit. We hold that the Commission must make a finding as to lawfulness under the guidelines we here set forth.

In the Miller Bros. Opinion we stated:

"TWX argues: 'Miller should not be permitted to benefit from its past unlawful operations. It was not operating "under color of right." ' TWX cites *P.U.C. v. Verl Harvey, Inc.,* 150 Colo. 158, 371 P.2d 452 (1962); and *Donohue v. P.U.C.,* 145 Colo. 499, 359 P.2d 1024 (1961). As to this issue the trial court stated:

'The Petitioners further ask that the decision be set aside in that by law Miller should have been estopped from proving a public convenience and necessity by its unauthorized operations under Permit No. A-445.

'The law is clear that a carrier cannot establish a public need for additional service by its unauthorized operations. *McKenna vs. Nigro,* 150 Colo. 335. However, the evidence must establish that the carrier knowingly carried on an unauthorized operation with the intent to violate the law or with a reckless disregard for the law. *Donohue vs. P.U.C.,* 145 Colo. 499; *P.U.C. v. Verl Harvey,* Inc., -Colo-, 371 P.2d 452.

'The evidence in this case does not establish that Miller knowingly carried on an unauthorized operation with intent to violate the law or with a reckless disregard for the law; and, therefore, this Court affirms Decision No. 2370.'

"We dispose of the matter on a different basis."

We held that the Commission had in effect found with sufficient evidence that Miller Bros. had not been operating unlawfully. Here, we must approach this matter along the lines adopted by the district court and quoted in the Miller Bros. Opinion.

In *P.U.C. v. Verl Harvey, Inc.,* 150 Colo. 158, 371 P.2d 452 (1962), it was held that a certificate would not be granted to a person who had been hauling without authority, who had defied a valid order of the Commission in this respect for three years, and who had engaged in prohibited acts for five years in a manner described as persistent, protracted, intentional and knowing.

Whether or not *Donohue v. P.U.C.,* 145 Colo. 499, 359 P.2d 1024 (1961), and *P.U.C. v. Verl Harvey, Inc., supra,* support the district court's conclusion contained in the Miller Bros. Opinion, we hold that S.B. 208 authorizes the conclusion of that district court that operations cannot be certificated as common carrier operations if the applicant has conducted his business with intent to violate the law or with a reckless disregard for the law. Also, if, as in *Harvey,* the conduct has been in direct and knowing defiance of a valid order and has been persistent, protracted, intentional and

knowing, the applicant's past operations cannot be certificated into those of a common carrier.

■ We held in the Miller Bros. Opinion that S.B. 208 did not merely permit the "conversion" or the "grandfathering" of a certificate of public convenience and necessity. We recognized, however, that, as a practical matter many of those entitled to common carrier certificates under the purposes of S.B. 208 would have been previously engaged as contract carriers. We are drawn to the conclusion that, such being the case, these applicants having permits could be shown to have been acting unlawfully in that they were in fact, if not in law, providing the equivalent of common carrier service. Thus, the Commission is not foreclosed from issuing a certificate so long as the conduct of the applicant has not reached the heights of intentional violation, reckless disregard and persistence as above described.

We reject the argument of the Commission that there must be a complaint under 1971 Perm. Supp., C.R.S. 1963, 115-11-10 for it to be able to consider lawfulness. It is a proper issue here.

■ We are not here placing the stamp of approval upon operations equivalent to that of a common carrier under a contract carrier permit. Nothing we have said will prevent the Commission or other carriers from proceeding against a contract carrier under 1971 Perm. Supp., C.R.S. 1963, 115-11-10. We do hold that when for years a contract carrier has conducted its operation in a certain manner but not to the prohibited heights described, it was the legislative intent in S.B. 208 that, if the guidelines are met and if the public interest demands, the Commission may certificate such operations as those of a common carrier.

The judgment of the district court is affirmed, except that it is reversed in its implied approval of the issuance of the certificate without a finding by the Commission relating to the lawfulness of Thacker's contract carrier operations in the southern routes. The cause is returned to the district court with directions to remand it to the Commission for a finding as to such lawfulness; and, if unlawfulness be found, a further

finding as to the character thereof; and such further orders consonant with the views expressed herein as may be necessary.