## No. 26106

D & G Sanitation, Inc. v. The Public Utilities Commission of the State of Colorado, Hubert H. McNeill, Edith H. McNeill, and John E. Elley, d/b/a "A-1 Trash Service."

(525 P.2d 455)

Decided July 29, 1974.

Jones, Meiklejohn, Kehl & Lyons, Thomas J. Burke, Jr., for petitioner-appellant D & G Sanitation, Inc.

John P. Moore, Attorney General, John E. Bush, Deputy, Irvin M. Kent, Assistant, Eugene C. Cavaliere, Assistant, James K. Tarpey, Assistant, for respondent-appellee The Public Utilities Commission.

John P. Thompson, for defendants-appellees Hubert H. McNeill, Edith H. McNeill, and John E. Elley, d/b/a "A-1 Trash Service."

MR. JUSTICE GROVES delivered the opinion of the Court.

Hubert H. McNeill and Edith H. McNeill held certificates of public convenience and necessity which authorized the transportation of ash, trash and other refuse from a portion of the area of the City of Loveland to the city dump. They filed an application to transfer the certificate to another couple. Shortly thereafter they filed another application to extend their authority to the entire City of Loveland plus an area outside the city limits. Both applications were granted by the Public Utilities Commission. The district court confirmed the Commission's decisions. We affirm.

I.

The McNeills obtained their certificates in 1950, which provided for pick up within the City of Loveland. In succeeding years Loveland annexed more territory and the McNeills served it. Mr. McNeill testified to the effect that he

thought he had had the right to do so. Around the time they filed the application for transfer, counsel advised them that they could pick up only within the City of Loveland as it existed in 1950 and, in accordance with counsel's advice, thereafter they restricted their operation to the former limits. They had served, and continued to serve, a customer located across the street from the city limits, and, after the applications were filed, commenced serving a new business located outside the city limits.

■■ The Commission found that the McNeills had expanded their service in good faith, and there is sufficient evidence to support this finding. The protestant, D & G Sanitation, Inc., argues that the Commission could not grant additional authority, because such authority would be based upon unlawful acts of the McNeills. The McNeills have not gone beyond the guidelines and limits which we enumerated in the opinion announced contemporaneously with this opinion in the consolidated cases of *Red Ball Motor Freight, Inc. v. P.U.C.,* and *Thacker Bros. Transportation, Inc. v. P.U.C.,* 185 Colo. 438, 525 P.2d 439. Therefore, the McNeills' operations did not foreclose the Commission from granting the expanded authority.

## II.

■ The protestant contends that there was not a sufficient showing of inadequate existing service. We held in our opinion, announced contemporaneously with this one, in the consolidated cases of *Miller Bros., Inc. v. P.U.C.* and *Trans-Western Express, Ltd. v. P.U.C.,* 185 Colo. 414, 525 P.2d 443, that under the amendment of S.B. 208 in 1967 Perm. Supp., C.R.S. 1963, 115-9-5, a finding of inadequate service is no longer a prerequisite to the granting of a certificate.

As was true in these other cases, the Commission set forth sufficient findings and guidelines.

## III.

■ The protestant has argued that the application for an extended certificate should not be granted because it was requested for the sole purpose of facilitating the McNeills' sale of their business. It is true that the contemplated sale

might not have materialized if the extended certificate had not been granted. The evidence is without conflict, however, that, sale or no sale, the McNeills desired the extended grant. We do not think that the simultaneous pendency of the two applications prevented either or both from being granted.

IV.

We find no merit in the other arguments of the protestant. Judgment affirmed.