## No. 26812

**Thacker Bros. Transportation, Inc. v. The Public Utilities Commission of the State of Colorado, and Edwin R. Lundborg, Chairman, Edythe S. Miller, and Henry E. Zarlengo, Individually and as Members thereof**

(543 P.2d 719)

Decided September 8, 1975. Rehearing granted September 29, 1975. On rehearing Court adhered to original opinion November 3, 1975.

Stockton and Lewis, Warren E. Hoemann, for petitioner.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Bruce C. Bernstein, Special Assistant, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In *Red Ball Motor Freight, Inc. v. Public Utilities Commission*, 185 Colo. 438, 525 P.2d 439 (1974), Thacker Bros. Transportation, Inc. (Thacker) held a contract carrier permit for so-called "southern routes"; and it applied for a certificate of public convenience and necessity to act as a common carrier over substantially the same territory. The Commission granted the certificate, but made no findings relating to the lawfulness of Thacker's contract carrier operations. Through the district court we remanded the matter to the Commission for a finding as to lawfulness and, if unlawfulness were found, for a further finding as to the character thereof.

The Commission found that there was some unlawfulness, but concluded that there was no evidence in the record to support any finding as to the character of the unlawfulness. The Commission, therefore, ordered a hearing as to whether violations "reach the heights of intentional violation of the Law and including Rules and Regulations of this Commission, reckless disregard of same, or persistent, protracted, intentional and knowing violation of same." Thacker brought an original proceeding, and we issued a rule to show cause why there should be any further hearing.

We see no need to review the pre-H.B. 208[1] cases, which established the judicial and Commission doctrine of regulated monopoly. We discussed these cases in *Red Ball Motor Freight, Inc., supra,* and *Miller Bros., Inc. v. Public Utilities Commission*, 185 Colo. 414, 525 P.2d 443 (1974). The cases cited have some gray areas, and they have not been granted absolution from inconsistency under the old doctrine of regulated monopoly. To generalize, however, under the regulated monopoly doctrine in effect prior to H.B. 208, this court has held — or at least has

[1] Section 40-10-105, C.R.S. 1973.

intimated fairly strongly — that, when a contract carrier was violating the law and operating as a common carrier, he could not use this as the basis for obtaining a common carrier certificate. Again, with some shadings, if there was a finding of unlawfulness of the contract carrier permit, the certificate of public convenience and necessity would be denied, irrespective of the character of the unlawfulness.

The scene changed when H.B. 208 established the legislative doctrine of regulated competition. Thereafter, for a certificate to be denied there must be a finding by the Commission, not only of unlawfulness, but (to quote the Commission) of "violations of the law including the rules and regulations of the Commission [reaching] the height of intentional violation, reckless disregard for the law or persistent, protracted, intentional and knowing violation."

Red Ball Motor Freight, Inc. (Red Ball) and Ephraim Freightways, Inc. (Ephraim) protested the granting of Thacker's application for a certificate to act as a common carrier over the "southern routes." These protests were vigorous and the protestant's proof attempted to show the unlawfulness of Thacker's contract carriage over its southern routes. After the hearings were concluded, the Commission found that Thacker did not interline, file time schedules or advertise in newspapers or similar publications, *i.e.*, that there was no unlawfulness in these respects. The Commission further found that there was evidence indicating Thacker's violation of Commission Rules 12(e) (leasing or renting equipment) and 19 (rates and charges) "was caused by error or ignorance, and not intentionally."

The Commission found that Thacker had been acting as a "de facto common carrier without a Certificate." It was with respect to this and to its Rules 18(c) and (e) that it seeks to have a further hearing as to the "heights" of violations of law.

The portions of Rule 18 under consideration read as follows:

"(c) Whenever any Private Carrier enters into a contract with a shipper who is not then on the carrier's customer list, the carrier shall immediately notify the Commission, by letter, of the addition of said shipper to the carrier's customer list, and if, by contract expiration or otherwise, a shipper ceases to be a customer of the carrier, the Commission shall likewise be notified of the deletion of the shipper from the customer list. No shipment shall be accepted by the carrier, and no haul shall be made for any shipper not on the carrier's customer list, unless and until the letter notifying the Commission of the addition of such shipper to the carrier's customer list has been deposited in the mail."[2]

* * * *

"(e) When an oral contract of carriage is entered into between a shipper and a Private Carrier, the carrier shall immediately make a written

---

[2]The Commission did make a finding, "Applicant does file annual customer lists."

memorandum of such oral contract in a book to be kept for the purpose, such memorandum to include the name of the shipper, the name of the person with whom the contract was negotiated, the date and term of the contract, the commodities to be transported, the principal origin and destination points of the carriage, and all other material provisions of the contract. The book containing the memoranda of oral contracts shall, at all times, be kept available for inspection or examination by the Commission."

■ In the hearings Red Ball and Ephraim probe deeply into Thacker's alleged violations of law. We view it as incongruous for the Commission to consider this evidence of the protestants as being separable from the "heights" of violations. It simply is not realistic for the protestants to present Thacker's alleged violations vigorously without an intrinsic showing of the "heights" thereof.

Also incongruously, the Commission has ordered

"[Thacker] be, and hereby is, directed to appear at the hearing herein prepared to offer evidence as to whether or not the violations as set forth in the Conclusions on Findings of Fact herein, reach the heights of intentional violation of the Law and including the Rules and Regulations of this Commission, reckless disregard of same, or persistent, protracted, intentional and knowing violation of same."

There is to some degree here an analogy with a judge's statement to a defendant in a criminal case, "prove to us the extent of your guilt." Thacker, Red Ball and Ephraim, as well as the Commission's staff, have had their day in court; and there need not be another.

■ The Commission made the following finding:

"There is no evidence in the record which would support any finding as to whether or not Applicant's operations reach the heights of intentional violations of the law, including the Rules and Regulations of the Commission, show reckless disregard thereof, or persistent, protracted, intentional and knowing violations thereof."

In other words, there was not a showing of the "heights" of unlawfulness which must be reached to refuse to grant the certificate of convenience and necessity. There should be no further hearing as ordered by the Commission and, so far as the issues which have been before us are concerned, Thacker's certificate of public convenience and necessity should remain outstanding.

Rule made absolute.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE LEE do not participate.